# Richmond.

## FAIRBANKS, MORSE & COMPANY, ET ALS V. TOWN OF CAPE CHARLES, ET ALS.

### January 14, 1926.

### Absent, Prentis, P.

1. MECHANICS' LIENS—*Water Works—Lien on Property of a Municipal Corporation.*—The instant suit was to enforce certain alleged mechanics' liens against the water works of a town. Complainants claimed to have furnished to the contractor certain materials which were used in the construction of the water works. The bill was demurred to on the ground that no mechanics' lien could be claimed against a municipal corporation. The court sustained the demurrer and dismissed the bill.

   *Held:* That the decree of the trial court was right, as complainants could have no lien on the water works of the town as it is the public property of a municipal corporation.

2. MECHANICS' LIENS—*Validity and Priority as Affected by Assignments—Claims Against Contractor—Liens Against the Property—Section 2482a of Pollard's Code Contrasted with Section 6435 of the Code of 1919.*—Section 2482a of Pollard's Code and section 6435 of the Code of 1919, while they cover much of the same ground, are essentially different. Section 2482a of Pollard's Code is a comparison of claims, and section 6435 of the Code of 1919 is a comparison of liens. Under section 2482a of Pollard's Code, assignments are subordinated to the *claims* of subcontractors, materialmen, etc. Under section 6435 of the Code of 1919 they are subordinated only to the *"liens* given by this chapter."

3. WORDS AND PHRASES—*Claims—Liens.*—A claim is generally a liability *in per sonam.* A lien is a liability *in rem.* A claim is much more comprehensive than a lien. It may embrace both a personal liability and a lien on property. If the rights of a party are dependent upon his having a lien, they cannot be extended to a case where he has no lien, but a mere claim.

4. MECHANICS' LIENS—*Validity and Priority as Affected by Assignments—Section 2482a of Pollard's Code—Section 6435 of the Code of 1919—Lien not Synonymous with Claim.*—Section 6435 of the Code of 1919 is not a mere revision of section 2482a of Pollard's Code. Section 2482a is not even referred to under section 6435 as is usually done

when an old law is revised. It is a new section, and the word "liens" in section 6435 of the Code of 1919 cannot be construed as synonymous with the word "claims" in section 2482a of Pollard's Code without producing absurd results, and also declaring that the legislature did not intend what its language plainly declares.

5. STATUTES—*Construction—No Need of Interpretation.*—It is elementary that it is not permissible to interpret that which needs no interpretation.

6. STATUTES—*Construction—Courts to Interpret and not to Enact Laws.*— Under the distribution of powers by the Constitution it is the function of the Supreme Court of Appeals to interpret and not to enact laws. The latter power belongs to the legislature alone.

7. STATUTES—*Construction—Object of Interpretation—Language Plain' and Unambiguous.*—The object of interpretation of statutes is to ascertain the meaning of the legislature. Primarily this is to be obtained from the language used. If the language used is plain and unambiguous, and its meaning clear and definite, effect must be given to it regardless of what courts think of its wisdom or policy.

8. MECHANICS' LIENS—*Water Works—Assignment of Contract—Lien on Fund Due—Case at Bar.*—The instant case was a suit to enforce certain alleged mechanics' liens. Complainants had furnished certain materials to a contractor which were used in the construction of the water works of a town. The contractor had asigned his contract to a bank to secure a loan. The town filed an answer in the nature of a bill of interpleader, admitting indebtedness to the contractor in a certain amount.

*Held:* That complainants had no lien on the property of the town, nor on the fund due from the town to the contractor. The fact that their property went into the construction of the water works did not give them a lien on the fund. Having no lien, their claims are not under section 6435 of the code of 1919 superior to the assignment to the bank of the contract.

Appeal from a decree of the Circuit Court of Northhampton county. Decree for defendants. Complainants appeal.

*Affirmed.*

The opinion states the case.

*Louis S. Sacks* and *W. A. Dickinson,* for the appellants.

*S. James Turlington* and *B. D. Ayres,* for the appellees.

BURKS, J., delivered the opinion of the court.

This was a suit in chancery brought by the appellants against the town of Cape Charles and J. Edward Cole, trustee, to enforce certain alleged mechanics' liens against the water works of said town. Stephens-Ely, Montague, Inc., had contracted to construct certain water works for the town of Cape Charles, which contract had been assigned by the contractor to the National Bank of Commerce of Norfolk, Virginia, to secure a loan of $2,000. The complainants claimed to have furnished to the contractor certain materials which were used in the construction of said water works. The contractor became insolvent and conveyed all of its assets, subject to the prior assignment to the National Bank of Commerce, to J. Edward Cole, trustee, in trust for the benefit of its creditors. The contractor was not made a party to the suit. Cole, trustee, demurred to the bill on the ground that no mechanic's lien could be claimed against a municipal corporation. The town of Cape Charles filed an answer in the nature of a bill of interpleader, admitting indebtedness to the contractor in the sum of $3,036.81, which it paid into court, but stated that the National Bank of Commerce, Norfolk, Virginia, claimed priority over the complainants as to part of the fund, and asking that the parties be compelled to litigate their rights to the fund, and that the town be discharged from liability in the premises.

The National Bank of Commerce filed its answer to the bill of interpleader, claiming priority over the fund to the extent of $1,000, by reason of the assignment aforesaid which was prior in date to any of said alleged mechanic's liens.

There were quite a number of other pleadings and proceedings in the case, but they need not be noticed.

The trial court sustained the demurrer of Cole,

trustee, to the bill, dismissed the bill at the costs of the appellants, and directed the refunding to the town of Cape Charles of the amount which it had paid into court. From that decree the appellants appealed.

The errors assigned are—

"1. The court erred in sustaining the demurrer.

"2. The court erred in ordering the money paid into court by the town of Cape Charles to be returned to the said town of Cape Charles without first determining the rights of the claim of the National Bank of Commerce and its priority 'over the claims of your petitioners, if any.

[1] It is clear that the appellants have no lien on the water works of the town of Cape Charles, as it is the public property of a municipal corporation. *Phillips v. University,* 97 Va. 472, 34 S. E. 66, 47 L. R. A. 284. It is equally clear that unless the complainants have a lien on the fund in controversy, or some right of priority of satisfaction therefrom over other creditors of the contractor, the decree of the trial court is right and should be affirmed. They claim such right of priority by virtue of section 6435 of the Code and the decision of this court in *London Bros.* v. *National Exch. Bank,* 121 Va. 460, 93 S. E. 699.

The case cited arose under section 2482a of Pollard's Code, quoted in the margin.[1] Section 6435 of the Code is as follows:

---

1 "No assignment or transfer of any debt, or any part thereof, due or to become due to a general contractor by the owner for the construction, erection, or repairing of any building, structure, or railroad for such owner shall be valid or enforceable in any court of law or equity by any legal process or in any other manner by the assignee of any such debt unless and until the claims of all subcontractors, supply men, and laborers against such general contractor for labor performed and materials furnished in and about the construction, erection, and repairing of such building, structure, or railroad shall have been satisfied; provided, that if such subcontract supply men and laborers shall give their assent in writing to such assignment it shall be thereby made valid as to them, but the payment or appropriation of such assignment by the owner without such assent in writing shall not protect such owner from the demands of such subcontractors, supply men, and laborers to the extent of such assignment.

"*Validity and priority of lien not affected by assignments.*—Every assignment or transfer by a general contractor, in whole or in part, of his contract with the owner or of any money or consideration coming to him under such contract, or by a subcontractor of his contract with the general contractor, in whole or in part, or of any money or consideration coming to him under his contract with the general contractor, and every writ of *fieri facias*, attachment or other process against the general contractor or subcontractor to subject or encumber his interest arising under such contract, shall be subject to the liens given by this chapter to laborers, mechanics, and material men. No such assignment or transfer shall in any way affect the validity or the priority of satisfaction of liens given by this chapter."

[2, 3] The language of the two statutes is materially different. Section 2482a declared invalid and unenforceable all assignments by the contractor until the *claims* of all subcontractors and material men had been satisfied, and further declared that no debt or demand of the owner to the general contractor should be subject to the payment of any debt, or the lien of any judgment, writ of *fieri facias* or garnishment of the general contractor for debts having no relation to the work, unless and until the *claims* due by the general contractor to all subcontractors, material men and

"No debt or demand, or any part thereof, due or to become due by the owner of any building, structure, or railroad to a general contractor for construction, erection, or repairing of such building, structure, or railroad shall be subject to the payment of any debt or the lien of any judgment, writ of *fieri facias* or any garnishee proceeding obtained or sued out upon any debt due such general contractor which shall have been contracted in any other manner for any other purpose than in the construction, erection, or repairing of such building, structure, or railroad for such owner unless and until the claims due by such general contractor to all subcontractors, supply men, and laborers for materials furnished and labor performed in and about the construction, erection, or repairing of such building, structure or railroad shall have been paid."

laborers have been paid. Section 6435 of the Code contains no such language. While the two statutes cover much of the same ground, they are essentially different. One is a comparison of *claims*, the other a comparison of *liens*. A claim is generally a liability *in personam*. A lien is a liability *in rem*. A claim is much more comprehensive than a lien. It may embrace both a personal liability and a lien on property. If the rights of a party are dependent upon his having a lien, they cannot be extended to a case where he has no lien, but a mere claim. Under the former statute assignments were subordinated to the *claims* of subcontractors, material men, etc. Under section 6435 they are subordinated only to the "*liens* given by this chapter."

[4] It seems to be assumed that section 6435 was a mere revision of section 2482a of Pollard's Code, and that the revisors did not, by the change of language, intend any change in substance. But section 2482a is not even referred to under section 6435, as is usually done when the old law is revised. On the contrary, in the revisors' note to section 6435 it is said:

"This is a new section dealing with the effect of assignments. It is taken in part from section 3844 of the West Virginia Code. (Hogg, 1913.) Assignments are not prohibited, but are made subordinate to a mechanic's lien. It is intended that no assignment made by a general or subcontractor shall in any way affect the rights of other parties arising under the mechanic's lien law."

It is earnestly contended for the appellants that it "has always been the purpose of the mechanic's lien law, and the wise and just policy of the State, to require that laborers and supply men, whose work and material create the fund arising from the construction

of buildings, be paid out of said funds in preference to the general contractor" and that the word "liens" in section 6435 should be construed as synonymous with the word "claims" in the former statute. But we are unable so to construe the statute without producing absurd results, and also declaring that the legislature did not intend what its language plainly declares. For example, if we substitute "claims" for "liens" in section 6435, it would declare that all assignments "shall be subject to the *claims* given by this chapter" and that no assignment should affect the validity of "claims" given by this chapter when no "claims" are or could be given by the chapter. The catch words of the section also plainly show that the legislature was dealing with *liens* and not with mere *claims.* They are "validity and priority of liens not affected by assignment."

We are also reminded that "revisors of statutes are presumed not to change the law, if the language which they use fairly admits of a construction which makes it consistent with the former statutes; and it is a well settled rule that in the revision of statutes, neither an alteration of phraseology nor the omission or addition of words in the latter statute shall be held necessarily to alter the construction of the former act, excepting where the intention of the legislature to make such change is clear. *Keister's Admr.* v. *Keister*, 123 Va. 157, 96 S. E. 315, 1 A. L. R. 439." 36 Cyc. 1067, 1068.

[5] Even if it be conceded that section 6435 is a revision of section 2482a, yet the intention of the legislature to make the change is clear, and it is elementary that it is not permissible to interpret that which needs no interpretation.

[6] Why the legislature adopted the policy indicated

by section 6435 is not for us to inquire. We might surmise that, as all municipal corporations are solvent, it deemed it unnecessary to prefer subcontractors and material men to assignees as they could easily protect themselves by refusing to extend credit except to the municipality, but surmise on our part is not permissible. The legislature had full power to enact the statute, and it is not for the court to inquire why it did so. Under the distribution of powers by the Constitution, it is the function of this court to interpret and not to enact laws. The latter power belongs to the legislature alone.

[7] The object of interpretation of statutes is to ascertain the meaning of the legislature. Primarily this is to be obtained from the language used. If the language used is plain and unambiguous, and its meaning clear and definite, effect must be given to it regardless of what courts think of its wisdom or policy.

In *Floyd* v. *Harding*, 28 Gratt. (69 Va.) 405, it is said: "While in the construction of statutes the constant endeavor of the courts is to ascertain and give effect to the intention of the legislature, that intention must be gathered from the words used, unless a literal construction would involve a manifest absurdity. Where the legislature has used words of a plain and definite import the courts cannot put upon them a construction which amounts to holding the legislature did not mean what it has actually expressed. The authorities in support of this principle are almost innumerable. It is unnecessary to cite them, as they may be found in Dwarris on Statutes, 181-184, 209; 2 Dwarris on Statutes, 204, 205, 208."

See also *Kain* v. *Ashworth*, 119 Va. 605, 89 S. E. 857; *Harrison* v. *Wissler*, 98 Va. 597, 36 S. E. 982; *Posey* v. *Commonwealth*, 123 Va. 551, 96 S. E. 771; *Scott* v. *Doughty*, 124 Va. 358, 97 S. E. 802; 25 R. C. L. 961, section 217.

[8] It is plain that the appellants have no lien on the property of the town of Cape Charles, and no claim that has the potentiality of a mechanic's lien on its property. It seems equally plain that they have no lien on the fund in controversy. The fact that their property went into the construction of the water works did not give them a lien on said fund. *Hicks* v. *Roanoke Brick Co.*, 94 Va. 741, 27 S. E. 596. Having no lien, their claims are not, under section 6435 of the Code, superior to the assignment of the National Bank of Commerce of Norfolk, Virginia, and the trial court committed no error in dismissing their bill and also the bill of interpleader of the town of Cape Charles. The effect of the decree was to determine that the Bank of Commerce was entitled to priority over the appellants, and this disposed of the contest over the funds in the hands of the town of Cape Charles set forth in the bill of interpleader.

The decree of the trial court will be affirmed.

*Affirmed.*