# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

## H. E. DeWitt y. W. W. Coffey, Trading as the Kinnier Company, C. P. Cofer and Others.

### June 14, 1928.

Argued and submitted before Judge Holt took his seat.

1. Answers—*Defendant Bound by Allegation in His Answer.*—In a suit in equity in case of a descrepancy between defendant's deposition and an allegation in his answer, defendant is bound by the allegation in his answer.

2. Mechanics' Liens—*Potential and Inchoate Liens.*—The liens created by the mechanics' lien statute, while inchoate, are potential liens, which may be perfected within the time and in the manner provided by the statute.

3. Mechanics' Liens—*Indebtedness of Owner to General Contractor—Securities and Deed of Trust Given by Owner to General Contractor—Case at Bar.*—In the instant case appellant, the assignee of the general contractor, claimed that the owners of the building, because they had executed securities and a deed of trust and delivered them to the general contractor, were not indebted to the general contractor at the time the notice was given by the subcontractor to the owners, that he looked to them for settlement. For the subcontractor it was claimed that the execution of these promises to pay, so far from paying the debt due by the owners to the general contractor, clearly demonstrates the fact that it had not then been paid, and that at the time the notice was given the owners still owed the entire contract price which the general contractor had assigned or transferred to appellant.

   *Held:* That the subcontractor was right in his claim. Such an assignment, while valid as between the contractor and the assignee, could not "affect the validity or priority of the satisfaction of the liens given by this chapter." Code of 1919, section 6435.

4. Mechanics' Liens—*Priorities—Subcontractor's Lien and Deed of Trust—Case at Bar.*—The instant case was a suit by a subcontractor to enforce a mechanics' lien. In order to finance the building contract the owners executed securities, payable to bearer, and a deed of trust securing the same. The general contractor delivered these

securities to defendant, a lumber dealer, to whom he was indebted, who knew the purpose for which the deed of trust was executed. The deed of trust was recorded September 2nd. The subcontractor agreed with the general contractor to furnish the materials for the building and began delivering the same August 11th. On September 2nd he notified the owners that he would look to them for settlement and thereafter furnish the residue of the materials. The assignee of the deed of trust, appellant, relied on section 6429a of the Code of 1924, making the owner personally liable only for the amount due by the owner to the general contractor, and claimed that by reason of the delivery of the securities the general contractor had been paid in full.

    *Held:* That this section, 6429a of the Code of 1924, must be construed in connection with sections 6435 and 6436 of the Code of 1919, and therefore there was no error in a decree which established the lien of the subcontractor as superior to the lien of the deed of trust under which appellant claimed.

5. Mechanics' Lien—*Section 6429a of the Code of 1924 and Sections 6435 and 6436 of the Code of 1919.*—There is no conflict between section 6429a of the Code of 1924 and sections 6435 and 6436 of the Code of 1919 of the mechanics' lien law.

6. Mechanics' Liens—*Assignments by General Contractor—Words of Statute Written into Assignments.*—The words of section 6435 of the Code of 1919 as to assignments by a contractor are written into such assignments as effectually as if the assignment in terms stated as a condition precedent that it should be void and ineffective until after the payment in full of all debts due by the assignor to subcontractors, supply men and laborers for the construction of the building, and in its legal effect is a direction to the owner thus to distribute the fund.

7. Mechanics' Liens—*Assignments by General Contractor—Delivery of Securities and Deed of Trust from the Owners—Case at Bar.*—In the instant case, a suit to enforce a lien claimed by a subcontractor, the owners of the building had executed bearer securities secured by a deed of trust aggregating the amount of the unpaid purchase money for the lot and the sum which would be due to the general contractor upon the completion of the building, and delivered them to the general contractor who in turn had delivered them to appellant, his debtor. The delivery of these securities to appellant constituted an assignment and transfer by the general contractor of the consideration which was to be paid to him under the contract, of all which appellant had notice, and therefore could not "in any way affect the validity or priority of satisfaction of liens" given by the mechanics' lien statute.

8. MECHANICS' LIENS—*Section 6436 of the Code of 1919 Preferring Mechanics' Liens to Liens Created after Work was Commenced—Case at Bar.*—Section 6436 of the Code of 1919 prefers mechanics' liens to all liens created after the work was commenced or materials furnished. In the instant case, a suit to enforce a lien of a subcontractor, the subcontractor began furnishing materials August 11th. Appellant claimed priority under a deed of trust recorded September 2nd, assigned to him by the general contractor. When appellant received the bonds and notes secured by the deed of trust he took them not only with express notice that such an assignment of the fund coming to the general contractor was subject to the liens created by the statute, but that the deed of trust which undertook to secure that debt to the general contractor was also subordinate to the potential liens of the defendant subcontractor for materials furnished, or to be furnished, for the construction of the building.

Appeal from a decree of the Corporation Court of the city of Lynchburg. Decree for complainant. Defendant appeals.     :

*Affirmed.*

The opinion states the case.

*Alfred B. Percy* and *F. W. Whitaker,* for the appellant.

*B. B. Campbell* and *Edmunds & Hamner,* for the appellees.

PRENTIS, P., delivered the opinion of the court.

This is a suit to enforce a lien claimed by the appellee, Coffey, a subcontractor, against a lot and building for the construction of which he had furnished the lumber. The decree established the lien of the subcontractor as superior to that of H. E. DeWitt, the appellant here, who claimed under a deed of trust which had been executed during the construction of the building by the owners to secure the general contractor, Jackson, and by Jackson assigned to the appellant.

The facts more in detail are, that Cofer and Lynch, the owners of certain lots, on July 24, 1925, entered into a contract with B. W. Jackson for erecting a dwelling thereon for $2,747.50. At the time of this contract there was a deed of trust on the property to secure the balance of the unpaid purchase money, $1,000, due J. H. Lindsay. In order to "finance" the building contract (using the language of the parties), the owners executed their bond and notes aggregating $3,747.50, payable to bearer, and a deed of trust securing this sum, which it will be observed is the aggregate of the $1,000 balance of unpaid purchase money already secured by the prior lien, and $2,747.50, the sum which would be due to the general contractor upon the completion of the building. This bond, the notes and the deed of trust were executed August 21, 1925. Jackson, the general contractor, delivered this bond and these notes to DeWitt August 29, 1925, and the deed of trust which secured them was recorded September 2, 1925. DeWitt was a lumber dealer in Lynchburg, was acquainted with Coffey, the subcontractor, and knew the purpose for which this deed of trust was executed.

DeWitt, in his answer, among other things, says that Jackson was indebted to him in a large sum of money, and that he, DeWitt, was insisting that the said Jackson should curtail or secure the same. After certain recitals, which are immaterial, the answer proceeds: "Whereupon the said B. W. Jackson assigned to this respondent the said Cofer & Lynch bonds set out herein, aggregating the sum of $3,750, as security on said indebtedness. Out of the said sum of $3,750, evidenced by the bonds of said Cofer and Lynch, this respondent was to pay to said J. H. Lindsay the sum of $1,000, being the balance of the purchase money on the

lot of Cofer and Lynch, on which said building was erected. The payment of this $1,000 to said Lindsay reduces the security on this respondent's debt against the said B. W. Jackson to $2,750. This respondent is still under the obligation to pay said J. H. Lindsay the said sum of $1,000 out of the proceeds of the said Cofer and Lynch bonds and the residue thereof applied to the indebtedness of said Jackson to this respondent."

[1] In his deposition, DeWitt testifies that he credited only $1,100 on Jackson's account with him. This discrepancy as to the amount of this credit seems to be immaterial, but if material the appellant is bound here by his answer.

The subcontractor, Coffey, agreed with Jackson, the contractor, to furnish materials for the building, and began delivering the same August 11th. He had delivered lumber amounting to $615.83 on September 2, 1925, when he notified the owners that he would look to them for settlement of his lumber bill. He thereupon furnished the residue of the materials, amounting to over $600, and thereafter perfected his lien in accordance with the statute. This suit for its enforcement resulted.

It is claimed by DeWitt, the appellant, that he relied upon Code, section 6429a; that at the time this notice was given by Coffey the owners owed the general contractor nothing; that by reason of the execution and delivery of the bond, notes and second deed of trust to which we have referred, the general contractor had been paid in full, and hence there was no sum then due by the owners which the notice could have affected, and so that there is nothing to which the mechanic's lien subsequently filed could attach. That section, it is noted, only makes the owner "personally liable to the claimant for the amount due to

said subcontractor or persons furnishing labor or material by said general contractor or subcontractor, provided the same does not exceed the sum in which the owner is indebted to the general contractor at the time the notice is given, or may thereafter become indebted by virtue of his contract with said general contractor * *." The amount then due by the owner to the general contractor limits the owner's liability as well as the amount for which the subcontractor may subsequently perfect his lien on the property.

This section 6429a must, however, be construed in connection with section 6435, which reads:

*Section 6435. Validity and priority of lien not affected by assignments.*—Every assignment or transfer by a general contractor, in whole or in part, of his contract with the owner or of any money or consideration coming to him under such contract, or by a subcontractor of his contract with the general contractor, in whole or in part, or of any money or consideration coming to him under his contract with the general contractor, and every writ of *fieri facias,* attachment or other process against the general contractor or subcontractor to subject or encumber his interest arising under such contract, shall be subject to the liens given by this chapter to laborers, mechanics, and materialmen. No such assignment or transfer shall in any way affect the validity or the priority of satisfaction of liens given by this chapter."

[2] In the same connection, due consideration must be given to section 6436, which, among other things, provides: "Nor shall any lien or incumbrance upon the land, created after the work was commenced or materials furnished, operate on the land, or such building or structure, until the lien in favor of the

person doing the work or furnishing the materials shall have been satisfied." It must be also noted that the liens created in the chapter, while inchoate, are potential liens, which may be perfected within the time and in the manner provided by the statute.

[3] For the appellant, DeWitt, it is claimed that the owners, because they had executed the bond, notes and deed of trust, were not indebted to the general contractor at the time the notice was given. For Coffey, the subcontractor, it is claimed that the execution of these promises to pay, so far from paying the debt due by the owners to the general contractor, clearly demonstrates the fact that it had not then been paid, and that at the time the notice was given the owners still owned the entire contract price which the general contractor had assigned or transferred to DeWitt.

Such an assignment, while valid as between the contractor and the assignee, could not "affect the validity or priority of the satisfaction of the liens given by this chapter." Code, section 6435. This section is without meaning or effect unless it preserves the priority of the inchoate but potential liens created by the chapter, because liens which attached before the assignment need no such protection.

[4] It seems to us that the bare reading of these statutes and recital of these facts are, in themselves, sufficient to carry the conviction that there is no error in the decree which established the lien of the subcontractor as superior to the lien of the deed of trust under which DeWitt, the appellant here, claims.

[5] There is no conflict between the several sections of the mechanics' lien statute which we have cited. The original act (Acts 1895–96, page 379), the essential substance of which is now found in Code of 1919,

section 6435, has been so construed by this court certainly in three cases.

[6] In *London Bros.* v. *National Exchange Bank*, 121 Va. 460, 93 S. E. 699, the controversy was between subcontractors who had furnished materials, labor and supplies for the construction of a building in the city of Roanoke, on the one hand, and the National Exchange Bank, to which the general contractor had assigned a large part of the amount due him for the construction of the building, without having first paid these subcontractors. In upholding the liens of the subcontractors as prior to the claim of the bank under the assignment, we had occasion to say this with reference to the statute prohibiting assignments: "The words of the statute are written into such assignments as effectually as if the assignment in terms stated as a condition precedent that it should be void and ineffective until after the payment in full of all debts due by the assignor to subcontractors, supply men and laborers for the construction of the building, and in its legal effect is a direction to the owner thus to distribute the fund."

In *Williams* v. *Marine Bank*, 132 Va. 379, 111 S. E. 94, it appeared that immediately after the building contract was made, an endorsement was made by the owner at the request of the contractor, to the effect that he would "settle above contract with Marine Bank." The bank sued Williams, the owner, upon this assignment, and this court held that this endorsement only amounted to an agreement on the part of the owner that whatever sum was properly due to the builders under the contract would be paid to the bank, but that all bills for materials which were furnished the builders which went into the house constituted potential liens thereon which the builders could not

defeat by any transfer or assignment because pro-
hibited by the statute, and that as against the bank
the owner had the right to pay them off and use them
as credits in his settlement of the contract with the
bank, although no liens had been asserted at the time
of the payment of these bills for such materials.   In
that connection, in the opinion it is said:   "In the case
at bar, the bank had not only the imputed knowledge
of the right of material men to docket liens for sup-
plies, but from its location in a populous city where
such liens were frequently acquired, it must have had
actual knowledge of the existence of such right, and
the inability of a general contractor by transfer or
assignment to defeat it except by paying the bills."

The same construction is clearly indicated in *Electric
Transmission Co. of Va.* v. *Pennington Gap Bank, etc.,*
137 Va. 107, 119 S. E. 99.

In the case of *Fairbanks Morse & Co.* v. *Town of
Cape Charles,* 144 Va. 56, 131 S. E. 437, it is held that
as the claimant there could not perfect a mechanics'
lien against the property of a municipal corporation,
and because the claim in that case did not have the
potentiality of a mechanics' lien on the municipal
property, the present statute prohibiting assignments
(section 6435) had no application.

[7] There is no doubt whatever about the fact that
the delivery of these notes and this bond to appellant,
DeWitt, constituted an assignment and transfer by the
general contractor of the consideration which was to be
paid to him under such contract, of all which DeWitt
had notice, and therefore could not "in any way affect
the validity or priority of satisfaction of liens" given by
the chapter.

[8] The decree is plainly right for another reason—
that is, because Code, section 6436, prefers mechanics'

liens to all liens created after the work was commenced or materials furnished, the language being "nor shall any lien or encumbrance upon the land created after the work was commenced or materials furnished operate on the land, or such building or structure, until the lien in favor of the person doing the work or furnishing the materials shall have been satisfied." So that when DeWitt received the securities he took them not only with express notice that such an assignment of the fund coming to the general contractor was subject to the liens created by the statute, but that the deed of trust which undertook to secure that debt to the general contractor was also subordinate to the potential liens of the defendant subcontractor for materials furnished, or to be furnished, for the construction of the building.

Our judgment, therefore, is that the decree is plainly right.

*Affirmed.*