# Richmond

### W. F. Boyles v. City of Roanoke.

April 13, 1942.

Record No. 2536.

Present, All the Justices.

The opinion states the case.

*S. R. Price*, for the plaintiff in error.

*C. E. Hunter*, for the defendant in error.

CAMPBELL, C. J., delivered the opinion of the court.

This writ of error is to a judgment of conviction of the plaintiff in error upon a charge of violating an ordinance of the city of Roanoke, Virginia.

The General Assembly of Virginia delegated to the city of Roanoke, through its charter, the power to suppress gambling. (City Charter, section 2, subsection 21). For this purpose the General Assembly, through section 2 of the charter, subsection 32, granted to the city the power to make and enforce ordinances and to provide suitable penalties for the violation of such ordinances "by fine not exceeding $500 *or* imprisonment not exceeding six months *or* both * * *." Accordingly, the city, through its council, in the exercise of this power ordained (City Code, Chap. 68, section 8) that any person found guilty of conducting a lottery or any game or bank, wheel of fortune, slot machine, etc., "shall be confined in jail not less than one nor more than twelve months *and* fined not less than $100 nor more than $500."

The ordinance did not follow the charter power in respect of the maximum jail term. The power granted in the charter was to impose a maximum jail term of six months, while that authorized in the ordinance was to impose a term of twelve months.

"It is an established principle that a municipal corporation, deriving its powers, as it does, from legislative grant, can exercise no power not expressly, or by fair implication, conferred upon it, * * *" *Muscoe* v. *Commonwealth*, 86 Va. 443, 10 S. E. 534.

Boyles, the accused, was tried under this ordinance, found guilty and his punishment fixed at a fine of $100 and a jail term of thirty days. At the trial he contended that the ordinance was void because at variance with the city charter, but the trial court did not concur in this contention. The court reduced the maximum jail term to six months when it submitted the case to the jury, thus taking off six months from the maximum provided in the ordinance. This conduct on the part of the trial court is the basis of the sole assignment of error.

It is true that there is authority to the effect that when the penalty in an ordinance is in excess of that authorized by the charter, the ordinance is not void; only the excess penalty is void, 37 Am. Jur. *Municipal Corporations*, sec. 164, page 786, but we approach the case from a different viewpoint.

The jail term provided in the ordinance is beyond the power granted in the charter, which of course is supreme. The duty of fixing the punishment in strict accord with the charter was upon council, the legislative body. It failed in its duty and sought to exercise a greater power than had been granted it. The maximum term in jail of twelve months was beyond its power and void.

To say that the court can of its own volition reduce the jail term provided in the ordinance from twelve months to six months and thereby vitiate the excess jail term is to say that the court can legislate and substitute a maximum term of six months when that duty is not a judicial one but one solely for the legislature. This court has no power to amend the ordinance and scale the jail term from twelve to six months. If the court could do that, then it could reduce it to one month or do away with the jail term altogether. This would violate section 5 of the Virginia Constitution, which provides for the separation of powers. Statutory laws are made solely

by the legislative body. *Fairbanks, etc., Co.* v. *Cape Charles,* 144 Va. 56, 131 S. E. 437.

Penal statutes are to be construed strictly against the State and favorably to the liberty of the citizen. To constitute the offense the act must come within both the letter and spirit of the statute. Michie's Va. and W. Va. Digest, Vol. 9, p. 57. Words of a penal law will not be extended by implication to the prejudice of the accused, and all reasonable doubt will be resolved in his favor.

We conclude that the portion of the ordinance providing for the jail term is void.

Does that fact vitiate the remainder of the ordinance? The answer depends upon whether the ordinance is severable. If it is, then provision for the fine remains valid. If, however, the void portion permeates the whole, then the whole ordinance is void.

What is the rule as to severability?

The test of severability in the end depends upon the intent of the law-making body. In the case at bar, if we take from the ordinance the provision for a jail sentence, because the maximum goes beyond the charter grant, can we say that what remains, namely, the provision for a penalty by way of a fine only, represents the intent of council? If what remains does not represent the intent of council, then the whole ordinance is void, and the rule of severability does not apply. This subject is discussed at length in *Carter* v. *Carter Coal Co.,* 298 U. S. 238, 56 S. Ct. 855, 80 L. Ed. 1160. See also, *Hannabass* v. *Maryland Cas. Co.,* 169 Va. 559, 194 S. E. 808.

It is contended that the ordinance is severable and that under the theory of severability the trial court was justified in reducing the maximum jail term of twelve months expressed in the ordinance to a maximum of six months to meet the charter requirement. But this action of the court was not an exercise of the severability rule. It was nothing more or less than amending the ordinance, a purely legislative function. Nor is it possible to discard the provision for the jail term entirely and still meet the legal requirement of legislative intent by holding valid the remaining portion which would limit the penalty to only a fine.

■ ■ The rule that there is a presumption in favor of severance when the legislative body has provided that if any part of a statute is declared invalid it shall not affect the validity of the remaining portion, as was the case here (see City Code, Chap. 2, section 3), is strongly urged upon us. Such a clause or provision usually creates a presumption. But finally, the legislative intent must control. We may begin with the presumption in favor of divisibility; that is, it may be presumed that the council in this case intended that the ordinance could be divided and the invalid portion discarded, and that what remained represented its intent and purpose. Yet the presumption is overcome by facts which clearly show that the council never intended that the offense should be punishable by only a fine, which would be the case if we sever the jail sentence from the punishment and leave as valid only the punishment by fine. Those facts are that when this case arose and it was brought to the attention of council that the ordinance exceeded the charter authority, the council, instead of holding to what remained of the alleged severed ordinance, immediately reordained the ordinance and reduced the maximum jail sentence to six months, thereby meeting the charter requirement. The language of the new ordinance is that "* * * he shall be confined in jail not less than one nor more than six months *and* fined not less than \$100 nor more than \$500." This new ordinance which is a part of the City Code of Roanoke, and which is evidence in all courts (Acts 1924, p. 720), carries the penalty of a mandatory jail sentence in addition to the fine. This fact alone demonstrates beyond doubt that the council never had any intent to eliminate a jail term from the penalty as would be the case if we applied the rule of severability.

■ ■ As said in *Williams* v. *Standard Oil Co.,* 278 U. S. 235, 49 S. Ct. 115, 73 L. Ed. 287, 60 A. L. R. 596, severability does not apply unless it is clear that the legislature would be satisfied with what remains after the invalid part is eliminated. As indicated, the council was not satisfied with what remained of the ordinance. It never intended that an offender should go without a jail sentence, and just as soon as it had an opportunity it went on record disclaiming any intent to

let an accused off without a jail term, by providing for a mandatory jail sentence when it ordained the new ordinance. This being true, and the legislative intent being so clear, nothing remains for this court to do but declare the challenged ordinance void.

As indicated, the new ordinance is now in effect, and to invalidate the old one affects only this case.

The judgment is reversed, the warrant is dismissed, and the accused is discharged from further custody.

*Reversed.*

BROWNING, J., dissenting.

The sole issue in this case arises out of Section 3, chapter 2 and a part of Section 8, chapter 68, of the code of the city of Roanoke, Virginia. They are as follows:

"Section 3—If any part or parts, section or subsection, sentence, clause or phrase of this code is for any reason declared to be unconstitutional or invalid, such decision shall not affect the validity of the remaining portion of this code."

"Section 8—If any person keep or exhibit, for the purpose of gaming or lottery, any gaming table or bank, with or without name, wheel of fortune, or slot machine, . . . . he shall be confined in jail not less than one nor more than twelve months and fined not less than one hundred dollars nor more than five hundred dollars."

The validity of the quoted part of section 8 of the ordinance is questioned. Under this ordinance the accused was tried and found guilty of being in the possession of slot machines for the purpose of gaming. This was in accordance with the verdict of a jury, sustained by the court. The offending feature of the ordinance, which is alleged to constitute its illegality, is that the jail portion of its penalty is in excess of that which is allowable under the applicable provision of the city's charter.

Paragraph 21 of section 2 of the charter of the city of Roanoke confers upon the city power, by proper legislation, "to prevent vice and immorality; to preserve public peace and

good order, to prevent and quell riots, disturbances and disorderly assemblages; to suppress houses of ill-fame, gambling houses and gambling devices of all kinds, to prevent lewd, indecent or disorderly conduct or exhibitions in the city, and to expel from said city persons guilty of such conduct."

Paragraph 32 of section 2 of the charter empowers the city "to provide and impose suitable penalties for the violation," of its ordinances. This paragraph limits the punishment which the city may provide for infractions referred to, to "fine not exceeding $500.00, or imprisonment not exceeding six months, or both."

The verdict of the jury and judgment of the court imposed upon the accused a fine of one hundred dollars and a jail sentence of thirty days.

It is thus seen that while the ordinance adopted by the city carried a jail penalty of twelve months as a maximum, which is double that which it was authorized to do under the terms of its charter, yet the punishment inflicted upon the accused was within that allowed by the charter.

It is also to be noted that the trial court instructed the jury that if they found the accused guilty they should fix his punishment at a fine of any amount not in excess of $500.00 and a jail sentence not in excess of six months. The court treated the excess jail penalty fixed by the ordinance as a nullity by restricting the authority of the jury to the punishment made lawful by the provisions of the charter.

The accused urges that the ordinance is void in its entirety because it exceeds its charter authority and that it is not susceptible of severability and the maximum jail sentence being void, the ordinance is void. A statute or an ordinance enjoys the favor of the presumption that it is lawful and constitutional. One attacking its validity must overcome this presumption by showing that it is clearly and distinctly without the limits of the law. To this end the courts employ every reasonable construction to sustain its validity.

The counsel for the city is concerned for its moral welfare and its wholesome government. It is accorded the authority and power to conserve these by appropriate legislative action. It sought to do this by subjecting offenders,

as the accused was found to be, to fine and imprisonment. In fixing this, it exceeded its authority, whether with afore-thought or from inadvertence, does not appear. That the purpose of the ordinance is salutary is not to be questioned. If one is guilty of the charge preferred, and the jury and the court have said that the accused is guilty, is this court to employ a strained construction of the ordinance and indulge in a highly technical view of the legal point urged, that he may go unwhipped of justice?

There is a division of judicial expression upon the sub-ject. The precise question, we think, has not been decided by this court. We believe that the weight of authority, and the better reasoning, sustain the validity of the ordinance. The judge of the trial court wrote an excellent opinion, which is made a part of the record. We have felt free to borrow from it, in thought if not in words. In American Jurisprudence, volume 37, section 164, page 787, we find the following:

"When a penalty prescribed in an ordinance is in excess of that authorized by the charter of a municipality, the ordinance is not void, and the penalty may be enforced to the extent that it does not exceed the lawful limit. The penalty provisions are therefore void only as to the ex-cess * * *."

The text quoted refers to the case of *Sconyers* v. *Coffee Springs*, 230 Ala. 12, 160 So. 552. The case is so informative and clear, characteristics usual of that court, that we quote from it *in extenso*:

"In 19 Ruling Case Law, Section 116, pages 811, 812, the author has this to say with reference to ordinances, which prescribe penalties in excess of charter authority: 'An ordi-nance which, while it prescribes a minimum penalty, does not fix a maximum, and thus leaves to the court the power in its discretion to impose any penalty in excess of the minimum is, however, void for uncertainty. When the penalty pre-scribed in the ordinance is in excess of that authorized by the charter, *the ordinance is not void, and the penalty may be enforced to the extent that it does not exceed the lawful limit.*' (Italics supplied.)

"In 43 Corpus Juris, section 860, the author, in discussing provisions of municipal ordinances relating to fines, arrest, imprisonment, and costs, makes the following observation: 'If the only method prescribed for the enforcement of the ordinance is invalid, the courts are without power to substitute a different and legal method. On the other hand the possible invalidity of penalties prescribed by a municipal ordinance for violation of its provisions does not defeat other provisions where the penalties are separable from the rest of the ordinance. And if the section or clause of an ordinance providing for penalties or punishments contains provisions which may be regarded as separable and distinct, the fact that one of the provisions is for any reason void does not invalidate the other. This principle has been applied to ordinances punishing by both fine and imprisonment where the municipality has authority to punish by fine only; to ordinances providing for arrest in addition to the imposition of a penalty where, under the constitution, the municipality has no authority to provide for arrest; to ordinances authorizing either fine or imprisonment or both where the statute requires punishment to be either by fine or imprisonment; and to ordinances prescribing alternative penalties, one of which is unauthorized and void. So also the principle has been held applicable to ordinances which fix a fine or period of imprisonment in excess of that permissible under charter or statute, it being held that the penalty or punishment may be enforced to the extent to which it is permissible under charter or statute.'

"The author cites as taking a contrary view the case of *Morris* v. *Conneaut*, 20 Ohio N. P. (N. S.) 289.

"In the case of *City of Cartersville* v. *McGinnis*, 142 Ga. 71, 82 S. E. 487, Ann. Cas. 1915D, 1067, the Supreme Court of Georgia, in reviewing a case wherein an ordinance of the city of Cartersville provided a punishment in excess of charter powers, held that the clause of the ordinance was only void for the excess over the charter limit.

"In the case of *City of Keokuk* v. *Dressell*, 47 Iowa 597, which involved an ordinance which provided for a term of imprisonment, in excess of the time prescribed by the Consti-

tution, the Supreme Court of Iowa observed: 'The ordinance, while it provides for imprisonment which may be in excess of the time prescribed by the constitution, provides also for punishment authorized by that instrument. Its provisions are not void, for they are not necessarily in conflict with the constitution. They may be enforced until they reach the limit of the punishment prescribed in the constitution.' "

We would be content to leave the case here, being satisfied that the reasons which we have given and the authorities cited justify our conclusion, except for one further observation. Section 3 of the ordinance will be borne in mind. It provides that if any part or parts, section or subsection, sentence, clause or phrase be declared unconstitutional or invalid, such decision shall not affect the validity of the remaining portion of the code.

In McQuillin's Municipal Corporation, Second Edition, revised, volume 2, section 862, page 1107, we find the following note:

"Legislative declarations that if the court holds that legislation, as a municipal ordinance, is void in part, such holding shall not affect remaining provisions thereof, are generally sustained by the courts, if the void part does not prevent enforcement of the remainder or defeat the object of the legislation. *Glendale* v. *Betty*, 46 Ariz. 470, 43 P. (2d) 206, 209, 210."

Certainly, the void part of the ordinance in question does not prevent its enforcement within the provisions of the charter. It not only does not defeat the object of the legislation, but the action of the court with reference to it effectuates the object of the legislation. The case of *Milwaukee* v. *Johnson*, 192 Wis. 585, 213 N. W. 335, is in point and quite illuminating.

Mr. Justice Spratley and I think the judgment of the trial court was right and should be affirmed.

SPRATLEY, J., concurs in this dissent.