# CIRCUIT COURT OF THE CITY OF BRISTOL

City of Bristol

v.

Juanita Delores Johnson

October 5, 1998

BY JUDGE CHARLES B. FLANNAGAN, II

The defendant is charged with Driving Under the Influence in violation of § 86-186 of the Code of the City of Bristol, Virginia. This matter is before me on defendant's Motion to Dismiss on the grounds that § 86-186 is invalid.

Defendant contends the ordinance is invalid for the following reasons. The penalty provision of § 86-186 exceeds the penalty which the City is authorized to impose under § 2-11 of its Charter.

Section 86-186 was improperly adopted as emergency legislation.

Section 86-186 attempts to incorporate § 18.2-266 of the Code of Virginia by improperly referring to "subsection" 18.2-266.

Section 86-186 purports to incorporate by reference the State Code provisions applicable to driving under the influence pursuant to the express authority to do so set forth in Code § 46.2-1313.

The State Code provision carries a potential fine of $2,500.00. See Code § 18.2-270. Section 2-11 of the Charter of the City of Bristol, Virginia, however, contains a provision that limits the City's authority to impose penalties as follows: "No such penalty shall exceed a fine of $1,000.00 ... ." Charter, § 2-11.

The issue in this case was determined several years ago by the Supreme Court of Virginia. *Boyles v. Roanoke*, 179 Va. 484 (1942).

In *Boyles*, the court was faced with a municipal ordinance which provided for a greater jail sentence than the City Charter allowed. The defendant was found guilty of violating the ordinance and a sentence was imposed which was within the range allowed by the Charter. The Supreme Court stated:

It is true that there is authority to the effect that when the penalty in an ordinance is in excess of that authorized by the charter, the

ordinance is not void; only the excess penalty is void, 37 Am. Jur., *Municipal Corporations*, sec. 164, page 788, but we approach the case from a different viewpoint.

The jail term provided in the ordinance is beyond the power granted in the charter, which of course is supreme. The duty of fixing the punishment in strict accord with the charter was upon council, the legislative body. It failed in its duty and sought to exercise a greater power than had been granted it. The maximum term in jail of twelve months was beyond its power and void.

To say that the court can of its own volition reduce the jail term provided in the ordinance from twelve months to six months and thereby vitiate the excess jail term is to say that the court can legislate and substitute a maximum term of six months when that duty is not a judicial one but one solely for the legislature. This court has no power to amend the ordinance and scale the jail term from twelve to six months. If the court could do that, then it could reduce it to one month or do away with the jail term altogether. This would violate section 5 of the Virginia Constitution, which provides for the separation of powers. Statutory laws are made solely (179 Va. 488) by the legislative body. *Fairbanks, etc., Co. v. Cape Charles*, 144 Va. 56, 131 S.E. 437.

Penal statutes are to be construed strictly against the State and favorably to the liberty of the citizen. To constitute the offense, the act must come within both the letter and spirit of the statute. *Michie's Va. and W. Va. Digest*, vol. 9, p. 57. Words of a penal law will not be extended by implication to the prejudice of the accused, and all reasonable doubt will be resolved in his favor.

We conclude that the portion of the ordinance providing for the jail term is void. *Boyles, supra*, p. 487.

The Court in *Boyles* then turned to the question of whether the excessive penalty portion of the ordinance was severable from the balance of the ordinance and concluded as follows:

The test of severability in the end depends upon the intent of the law-making body. In the case at bar, it we take from the ordinance the provision for a jail sentence, because the maximum goes beyond the charter grant, can we say that what remains, namely, the provision for a penalty by way of a fine only, represents the intent of council? If what remains does not represent the intent of council, then the whole

ordinance is void and the rule of severability does not apply. This subject is discussed at length in *Carter v. Carter Coal Co.*, 298 U.S. 238, 56 S. Ct. 855, 80 L. Ed. 1180. See also,*Hannabass v. Maryland Cas. Co.*, 169 Va. 559, 194 S.E. 808.

It is contended that the ordinance is severable and that under the theory of severability the trial court was justified in reducing the maximum jail term of twelve months expressed in the ordinance to a maximum of six months to meet the charter requirement. But this action of the court was not an exercise of the severability rule. It was nothing more or less than amending the ordinance, a purely legislative function. Nor is it possible to discard the provision for the jail term entirely and still meet the legal requirement of legislative intent by holding valid the remaining portion which would limit the penalty to only a fine. *Boyles, supra*, p. 488.

Even if the ordinance were severable, the issue would remain as to whether a local ordinance that provided for a lesser sentence than the state statute is valid. Clearly, before December of 1997 (effective date of repeal of Code § 15.1-132), the ordinance would not be saved if the court approved the penalty allowed by the City charter. See Code § 15.1-132, repealed, Acts 1977, c. 587. See also, *Parker v. City of Newport News*, 17 Va. App. 253 (1993).

However, in view of this court's adherence to the pronouncement in *Boyles, supra*, it is not necessary for the court to resolve the current status of the *Parker* rule. Neither is it necessary for the court to determine whether the adoption of the ordinance as emergency legislation or the characterization of Code § 18.2-266 as a "sub-section" were fatal flaws.

For the reasons aforesaid, I find the ordinance to be in conflict with the City Charter and accordingly invalid. This matter will be dismissed.