COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Petty and Alston
Argued at Salem, Virginia


DERICK ANTOINE JOHNSON

v.        Record No. 2919-08-3

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE ROSSIE D. ALSTON, JR.
MAY 18, 2010


FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
J. Leyburn Mosby, Jr., Judge

Keith Orgera, Assistant Public Defender (Office of the Public
Defender, on brief), for appellant.

Eugene Murphy, Senior Assistant Attorney General (William C.
Mims, Attorney General, on brief), for appellee.


Derick Antoine Johnson (appellant) appeals the five-year sentence imposed upon him by the

trial court for his conviction of possession of a firearm by a convicted felon, pursuant to Code

§ 18.2-308.2.  Appellant contends the five-year *mandatory* sentence under this statutory provision

violates the separation of powers doctrine of the Virginia Constitution.  Appellant argues the

General Assembly usurped a judicial function in creating the statutory framework under Code

§ 18.2-308.2 by mandating a specific sentence of five years, and divesting the court of any

discretion to determine appellant's sentence.  For the reasons stated below, we disagree with

appellant and affirm the imposition of the five-year sentence.

I.  Background

The facts leading to appellant's conviction are not at issue on appeal.  On September 23,

2008, the trial court found appellant guilty of eluding a police officer, possession of a firearm by a

violent felon, possession of a Schedule I or II substance, and possession of a firearm while in

possession of a Schedule I or II substance.[1]  On October 31, 2008, prior to sentencing, appellant

filed a "Motion to Dismiss," arguing "the Court can neither convict nor sentence [appellant] under

an unconstitutional statute."  Appellant argued that by prescribing a mandatory five-year term of

incarceration in Code § 18.2-308.2, the legislature improperly usurped a judicial function, in

violation of the principle of separation of powers.

At appellant's sentencing hearing on November 7, 2008, appellant conceded that pursuant to

Code § 19.2-266.2, he was procedurally barred from seeking a dismissal of the charge against him.

Instead, he asked the court, as he did in his motion to dismiss, to sever the mandatory five-year term

of incarceration prescribed by Code § 18.2-308.2 and declare that portion of the statute

unconstitutional.  The trial court denied appellant's motion.  The court found the motion untimely

under Code § 19.2-266.2, concluding that the statute required appellant make his motion before

trial.  The court also noted that even if the motion was not procedurally barred, the mandatory

minimum sentence prescribed by Code § 18.2-308.2 was constitutional.  The trial judge then

sentenced appellant to five years incarceration, pursuant to Code §§ 18.2-10(f) and -308.2, for

possession of a firearm by a violent felon.[2]  This appeal followed.

## II.  Analysis

Code § 18.2-308.2(A) proscribes possession of a firearm by a violent felon, and states in

relevant part:

> Any person who violates this section shall be guilty of a Class 6
> felony.  However, any person who violates this section by
> knowingly and intentionally possessing or transporting any firearm
> and who was previously convicted of a violent felony as defined in

---

[1] Appellant contested the trial court's denial of a motion to suppress the evidence as well as the sufficiency of the evidence to support his convictions.  This Court denied appellant an appeal on those issues.  Only the sentence for appellant's conviction of possession of a firearm by a violent felon, pursuant to Code § 18.2-308.2, is at issue here.

[2] Appellant was sentenced to a total of six years for the remaining convictions, with four years and six months suspended.

§ 17.1-805 shall be sentenced to a *mandatory minimum term of imprisonment of five years*.

(Emphasis added).[3]  Further, Code § 18.2-10(f) states:

For Class 6 felonies, [the jury or court trying the case without a jury shall impose] a term of imprisonment of not less than one year *nor more than five years*, or in the discretion of the jury or the court trying the case without a jury, confinement in jail for not more than 12 months and a fine of not more than $ 2,500, either or both.

(Emphasis added).

Appellant argues that in adopting Code § 18.2-308.2, the legislature unconstitutionally mandated a specific sentence of five years incarceration, and in doing so, it usurped the power of the judiciary to determine appellant's sentence.  Appellant contends the trial court should have severed the unconstitutional provision of the statute and sentenced him under Code § 18.2-10(f), which provides a range of punishment for Class 6 felonies.[4]

---

[3] This Court has previously recognized the wisdom of an enhanced penalty for this offense.  "The 'mischief' at which § 18.2-308.2(A) is directed is the possession of firearms by convicted felons in an attempt to prevent indiscriminate use of dangerous weapons by one previously convicted of a serious crime."  Alger v. Commonwealth, 40 Va. App. 89, 93, 578 S.E.2d 51, 53 (2003).

[4] Appellant also suggests the trial court erred in denying his "Motion to Dismiss" as untimely, pursuant to Code § 19.2-266.2(A)-(B).

Defense motions or objections seeking . . . dismissal of a warrant, information, or indictment or any count or charge thereof on the ground that the statute upon which it was based is unconstitutional shall be raised by motion or objection.

Such a motion or objection in a proceeding in circuit court shall be raised in writing, before trial.  The motions or objections shall be filed and notice given to opposing counsel not later than seven days before trial in circuit court.

Code § 19.2-266.2(A)-(B).  To the extent that appellant's request to sever the mandatory incarceration provision did not seek the "dismissal of a warrant, information, or indictment," he was not required to file his motion prior to trial.  Further, on appeal, the Commonwealth has not argued that appellant is procedurally barred from raising this substantive issue.  Thus, to the extent that

When the trial court rules on the constitutionality of a statute, we review such decisions *de novo*. Yap v. Commonwealth, 49 Va. App. 622, 629, 643 S.E.2d 523, 526 (2007) (citing Shivaee v. Commonwealth, 270 Va. 112, 119, 613 S.E.2d 570, 574 (2005)). "It is firmly established that all actions of the General Assembly are presumed to be constitutional. Therefore, the party assailing the legislation has the burden of proving that it is unconstitutional." Etheridge v. Med. Ctr. Hosps., 237 Va. 87, 94, 376 S.E.2d 525, 528 (1989) (citations omitted). "'This presumption is one of the strongest known to the law. Under it, courts must resolve any reasonable doubt regarding the constitutionality of a law in favor of its validity. To doubt is to affirm.'" Lilly v. Commonwealth, 50 Va. App. 173, 181, 647 S.E.2d 517, 521 (2007) (quoting Boyd v. County of Henrico, 42 Va. App. 495, 506-07, 592 S.E.2d 768, 774 (2004) (citations omitted)). "[C]ourts will declare legislation invalid only when it is 'plainly repugnant to some provision of the state or federal constitution.'" Etheridge, 237 Va. at 94, 376 S.E.2d at 528 (quoting Blue Cross v. Commonwealth, 221 Va. 349, 358, 269 S.E.2d 827, 832 (1980)).

Challenging the constitutionality of the statute, appellant argues Code § 18.2-308.2 violates the long-standing and well-recognized principle that "[t]he legislative, executive, and judicial departments shall be separate and distinct, so that none exercise the powers properly belonging to the others, nor any person exercise the power of more than one of them at the same time . . . ." Va. Const. art. III, § 1.

> "It is undoubtedly true that a sound and wise policy should keep [the three branches] of the government as separate and distinct from each other as practicable. But it is equally true that experience has shown that no government could be administered where an absolute and unqualified adherence to that maxim was enforced. The universal construction of this maxim in practice has been that the whole power of one of these departments should not be exercised by the same hands which possess the whole power of

Code § 19.2-266.2(B) applies as a procedural bar, the Commonwealth has abandoned that argument on appeal. See Rule 5A:21. Accordingly, we address the merits of appellant's constitutional argument.

- 4 -

either of the other departments, but that either department may exercise the powers of another to a limited extent."

In re: Iris Lynn Phillips, 265 Va. 81, 86-87, 574 S.E.2d 270, 273 (2003) (quoting Winchester & Strasburg R.R. Co. v. Commonwealth, 106 Va. 264, 268, 55 S.E. 692, 693 (1906)).

Appellant contends that the power to determine his sentence is a power exclusively within the province of the judiciary. To support this contention, appellant relies on the Supreme Court of Virginia's decision in Moreau v. Fuller, 276 Va. 127, 139, 661 S.E.2d 841, 847 (2008). In Moreau, our Supreme Court stated, "[a]lthough the subject matter of the judiciary's power may, in some ways be limited by legislative action, the essential function of the judiciary - the act of rendering judgment in matters properly before it - may not be abridged by either the executive or the legislative branches." Id. at 136, 661 S.E.2d at 846. "The act of rendering judgment is within the inherent power of the court and the very essence of adjudication and entry of judgment by a judge involves discretionary power of the court." Id. at 139, 661 S.E.2d at 847. "Requiring a court or judge to enter a certain judgment unquestionably infringes upon the exercise of judicial discretion." In re: Commonwealth's Attorney for the City of Roanoke, 265 Va. 313, 319, 576 S.E.2d 458, 462 (2003). Appellant's reliance on Moreau and In re Commonwealth's Atty. for City of Roanoke is misplaced.

In both of these cases, the Supreme Court of Virginia's holding was only that "rendering judgment" encompasses the determination of an accused's guilt or innocence. Moreau, 276 Va. at 138, 661 S.E.2d at 847; In re Commonwealth's Atty. for City of Roanoke, 265 Va. at 319, 576 S.E.2d at 462. Thus, despite appellant's suggestion that Moreau controls this case, we are not compelled to conclude that the act of rendering judgment necessarily includes determining the *scope of punishment*.

In fact, contrary to appellant's argument, determining the scope of punishment historically has been a function of the legislature. "'Determinate sentences [have been] found in

- 5 -

this country's penal codes from its inception.'" Chapman v. United States, 500 U.S. 453, 467

(1991). "'[S]pecification of punishments' [are] matters ordinarily understood as 'peculiarly

questions of legislative policy.'" Lilly, 50 Va. App. at 184, 647 S.E.2d at 522 (quoting Gray v.

Commonwealth, 274 Va. 290, 311, 645 S.E.2d 448, 461 (2007)).

> The historic norm for the jury was to determine only guilt or
> innocence, leaving the court alone to fix punishment consistent
> with the legislatively mandated sentences. In the early days of the
> Republic . . . the period of incarceration was generally prescribed
> with specificity by the legislature. Each crime had its defined
> punishment . . . . Later statutory reforms produced wide
> sentencing ranges within which trial judges could exercise
> individualized discretion.

Id. at 187, 647 S.E.2d at 524 (citing United States v. Grayson, 438 U.S. 41, 45-46 (1978)); see

also United States v. Wiltberger, 18 U.S. (5 Wheat.) 76, 95 (1820) (noting "[t]he power of

punishment is vested in the legislative, not in the judicial department").

In Lilly, the defendant challenged the one-year mandatory minimum sentence imposed by

Code § 46.2-357(B)(3) on those persons determined to be habitual offenders of the statute

prohibiting driving while intoxicated. 50 Va. App. at 182-83, 647 S.E.2d at 521-22. Responding

to Lilly's argument that the legislature overstepped its bounds in enacting a determinant

sentence, this Court reasoned,

> Given [the] history, we find no basis for [the defendant's]
> characterization of mandatory minimum sentences as a legislative
> usurpation of a historically unique judicial function. Just the
> opposite is true: The development of mandatory minimum
> sentences reflects the traditional legislative role in creating
> statewide uniformity, at least at the lower end of the punishment
> scale, for all sentences for the specified crimes. This can hardly be
> a due process violation, given that the General Assembly "has the
> power to define criminal punishments without giving the courts
> any sentencing discretion."

Id. at 188, 647 S.E.2d at 524 (quoting Chapman, 500 U.S. at 467).

Although Lilly was decided on equal protection and due process grounds, we see no reason to depart from its logic. To be sure, our Supreme Court has also noted,

> "Virginia alone can prescribe the jurisdiction of her own courts. She can mould her remedies as she pleases . . . . She may be bound to provide some remedy for wrong, but she is the exclusive and sovereign judge of the form of the remedy." Richmond F&P. R.R. Co. v. Louisa R.R. Co., 54 U.S. (13 How.) 71, 77 (1852). Thus, whether the remedy . . . is viewed as a modification of the common law or as establishing the jurisdiction of the courts in specific cases, clearly it [is] a proper exercise of legislative power. Indeed, were a court to ignore the legislatively-determined remedy . . . the court would invade the province of the legislature.

Etheridge, 237 Va. at 101, 376 S.E.2d at 532; see also Boyles v. City of Roanoke, 179 Va. 484, 487-88, 19 S.E.2d 662, 663 (1942) ("To say that the court can of its own volition reduce the jail term provided in the ordinance . . . is to say that the court can legislate . . . [and] that duty is not a judicial one but one solely for the legislature.").

Appellant also relies on Fishback v. Commonwealth, 260 Va. 104, 112, 532 S.E.2d 629, 632 (2000), and Hinton v. Commonwealth, 219 Va. 492, 496, 247 S.E.2d 704, 706 (1978), arguing that the Supreme Court of Virginia has held, "'the assessment of punishment is a function of the judicial branch of government.'" However a close reading of both Fishback and Hinton instructs that the cited language must be read in context.

In Fishback and Hinton, the Supreme Court considered the propriety of informing the jury about possible modifications to a defendant's sentence, including reduction or suspension of imposed incarceration time and options for parole. The Court found that with the exception of the abolition of parole in certain cases, these matters are properly committed to the executive branch, not the judiciary. Fishback, 260 Va. at 112, 532 S.E.2d at 632; Hinton, 219 Va. at 496, 247 S.E.2d at 706. Thus, the Court stated, "'under our system, the assessment of punishment is a function of the judicial branch of government, while the administration of such punishment is a

responsibility of the executive department.'" Id. (quoting Hinton, 219 Va. at 496, 247 S.E.2d at 706).

In the instant case, however, appellant asks us to define the judiciary's role as it relates to the *legislature*, which, unlike the executive branch, exercises plenary power over the courts with respect to the scope of punishment. See, e.g., Code §§ 18.2-10, -11, -53.1, -58, -248, -308.4, 19.2-306. Further, even accepting that "the assessment of punishment is a responsibility of the judicial branch," that assessment must be made within the bounds set by the legislature. See Boyles, 179 Va. at 487-88, 19 S.E.2d at 633; Lilly, 50 Va. App. at 187-88, 647 S.E.2d at 524. Accordingly, these cases neither provide guidance nor decide the issue before us.

Given the legislature's broad authority and its historical role in defining the scope of punishment available to the court, we find it within the legislature's authority to prescribe a mandatory determinant sentence.

## III. Conclusion

For these reasons, we find the five-year mandatory minimum sentence prescribed by Code § 18.2-308.2 does not violate the constitutional provision requiring the separation of powers. Thus, the trial court did not err in denying appellant's motion to sever that portion of the statute and sentence appellant under Code § 18.2-10(f).

                                                                    Affirmed.