CHARLES F. PENTON, JR.

v.

CITY OF NORFOLK

No. 1763-91-1

AND

JOHN DAVID HUDGINS

v.

CITY OF NORFOLK

No. 2081-91-1

Decided March 23, 1993

COUNSEL

Charles F. Sizemore, Jr., for appellants.

Cynthia B. Hall, for appellee.

OPINION

**ELDER, J.**—Charles F. Penton and John D. Hudgins appeal from their convictions under Norfolk City Code § 25-251 for driving while under the influence. Apart from the fact that Hudgins's offense occurred in May, 1991, and Penton's in June, 1991, the facts in each case are the same. Appellants argue that their convictions are invalid because the punishment prescribed in the ordinance exceeded the punishment authorized by state law at the time of the ordinance's enactment, thereby rendering the ordinance void from its inception. After examining the relevant statutes and ordinances, we find the ordinance valid insofar as it applies to driving while under the influence offenses, and we affirm appellants' convictions.

These cases involve several interrelated state and local provisions proscribing driving while under the influence of alcohol or self-administered drugs. Code § 18.2-266 proscribes driving while under the influence of alcohol, and Code § 18.2-270 provides that a violation of that statute is a Class 1 misdemeanor. Prior to July 1, 1990, Code § 18.2-11 provided that the maximum punishment for a Class 1 misdemeanor was twelve months in jail and/or a $1,000 fine. Code § 15.1-132 grants cities within the state the authority to enact similar ordinances for driving while under the influence. Under that statute, "[s]uch ordinances may provide the same penalties . . . as are provided by general law for similar offenses," but "[n]o such ordinance shall provide for a lesser punishment." Also applicable is Code § 15.1-901. Prior to February 21, 1991, that code section limited the penalties imposed by *any* municipal ordinance enacted pursuant to state authority to "a fine of $1,000 or imprisonment . . . for twelve months."

Pursuant to the state's grant of authority under Code § 15.1-132, the City of Norfolk enacted Norfolk City Code §§ 25-251 and 25-255, which follow the language of the state code sections proscribing driving while under the influence as a Class 1 misdemeanor. In keeping with the requirements of Code § 15.1-132 and the more general Code § 15.1-901, Norfolk dictated the same punishment for a Class 1 misdemeanor as did the Virginia Code—a maximum of twelve months in jail and a $1,000 fine.

As of July 1, 1990, the General Assembly amended Virginia Code § 18.2-11 to increase the maximum punishment for a Class 1 misdemeanor to twelve months in jail and/or a $2,500 fine. At that point, the punishment provided for a conviction under the Norfolk City Code was less than that provided for conviction under the Virginia Code. Because Code § 15.1-132 requires that local ordinances enacted pursuant to it provide penalties equal to or greater than those specified in the Virginia Code, the City of Norfolk amended its Code § 1-11 to bring it into compliance, by Ordinance No. 36,110, effective July 17, 1990. Since July 17, 1990, the Virginia and Norfolk Codes have provided the same penalties for driving while under the influence.

In spite of Norfolk's efforts to comply with state law, the amendment of Norfolk City Code § 1-11 resulted in a violation of the more general portion of the Code, § 15.1-901. That section, as set forth above, limited the penalties for violation of local ordinances to "a fine of $1,000 or imprisonment . . . for twelve months." When the Virginia General Assembly changed the maximum penalties allowed under Code § 18.2-11 to a fine of up to $2,500, it failed to amend Code § 15.1-901 to specify the same increased penalty. Accordingly, the City of Norfolk could not have crafted an ordinance that would have complied with both code sections. Subsequently, the General Assembly passed emergency legislation to bring Code § 15.1-901 into harmony with Code § 15.1-132 as of February 21, 1991.[1] As a result of that amendment, Code § 15.1-901 no longer specifies a maximum penalty in terms of dollar amount or sentence length. Rather, it states that the punishment "shall [not] exceed the penalty provided by general law for the violation of a Class 1 misdemeanor." All parties admit

[1] At this point, the City of Norfolk clearly had the authority to adopt an ordinance providing the same punishment for a Class 1 misdemeanor as provided by general law. Nevertheless the City took no action to readopt Ordinance No. 36,110, effective July 17, 1990, which, at that time, violated Virginia Code § 15.1-901.

that the purpose of this amendment was to remedy a major inconsistency between these two code sections.

The City argues first that, regardless of whether the ordinance or any portion thereof was invalid at the time of its passage on July 17, 1990, the emergency legislation of February, 1991, validated the ordinance so that Norfolk City Code § 1-11 could properly be applied to appellants' offenses in May and June, 1991. Although we acknowledge that validation is possible under certain conditions, we hold that those conditions were not met here. The only Virginia example cited by the parties involved specific validating language. In repealing Title 15, the legislature specifically validated, via Code § 15.1-2, all ordinances passed pursuant to former Title 15.[2] Although the City cites persuasive authority for the proposition that such validation may result by implication, we are aware of no Virginia statutory or case law that so holds, and there appears to be a split of authority among other jurisdictions. *See, e.g.,* 5 Eugene McQuillin, *Municipal Corporations* § 16.94, at nn.5, 19, 20 (3d ed. 1989). Because the legislature, in amending Code § 15.1-901, expressed no intent to validate local ordinances called into question by the conflict between Code § 15.1-132 and 901, we hold that the amendment had no such validating effect. Although the February 1991, amendment gave Norfolk the authority to "validate" its own ordinance prospectively by re-enacting it, the City did not do so.

█ Despite the above analysis, we apply other principles of statutory construction to conclude that Norfolk City Code § 1-11 was nevertheless valid as applied to appellants' DUI offenses. Where two statutes appear to conflict, they should be construed, if reasonably possible, to give force and effect to each one. *Board of Supervisors v. Marshall,* 215 Va. 756, 761, 214 S.E.2d 146, 150 (1975). To the extent that the statutes conflict, however, the specific statute prevails over the more general one. *See, e.g., Dodson v. Potomac Mack Sales & Serv., Inc.,* 241 Va. 89, 94-95, 400 S.E.2d 178, 181 (1991). The more specific statutory scheme in this case is Code § 15.1-132, that grants to localities the authority to proscribe driving while under the influence. This code section states that "[s]uch ordinances may provide the same penalties for violations thereof as are provided by gen-

---

[2] As an example of the legislature's ability to make its intent clear, Code § 15.1-2(a) states that "The repeal of Title 15 . . . shall not affect the powers of any county, city or town with respect to any ordinance, resolution or by-law adopted and not repealed or rescinded prior to such date."

eral law for similar offenses," but that they "shall [not] provide for a lesser punishment." Those penalties as set forth in the state's general laws—Code §§ 18.2-11, 266 and 270—provide for punishment of no more than twelve months in jail and no more than $2,500 as set forth in § 18.2-11. Code § 15.1-901, by contrast, purports to limit the punishment imposed for violation of *any* local ordinance. Under the rule of statutory construction set out above, we conclude that the specific terms of Code § 15.1-132 apply to give localities the authority to punish driving while under the influence above and beyond the limits set by Code § 15.1-901.

Had the City of Norfolk taken no action to increase the penalties provided in its code for DUI offenses, convictions rendered under the local ordinance would have been subject to attack as violative of Code § 15.1-132. We reached just such a conclusion in *Commonwealth v. Knott*, 11 Va. App. 44, 46-47, 396 S.E.2d 148, 149-50 (1990), in which the local ordinance at issue omitted a penalty enhancement provision present in the corresponding state statute.

For the aforementioned reasons, we conclude that Norfolk City Code § 1-11, as amended by the Norfolk City Council on July 17, 1990, and insofar as it applied to driving while under the influence offenses, was a valid exercise of municipal power under Code § 15.1-132,[3] both at the time of its enactment and the time of appellants' arrests and convictions.

Accordingly, the convictions of the appellants are affirmed.

*Affirmed.*

Bray, J., and Willis, J., concurred.

---

[3] Appellant does not challenge imposition of the penalties prescribed in Norfolk City Code § 1-11 to any other offenses. Accordingly, we do not consider whether Code § 15.1-901 would render Norfolk City Code § 1-11 void as applied to non-DUI offenses. There is a split of authority among other jurisdictions on this issue, and it appears to be a question of first impression in Virginia. *See* 6 Eugene McQuillin, *Municipal Corporations* § 20.66, at 218 nn.14-18 (3d ed. 1988). It is arguable that the ordinance would be valid up to the limits set out in the state statute. *See Commonwealth v. Schaeffer*, 98 Pa. Super. 265, 268 (1929). *But see Boyles v. City of Roanoke*, 179 Va. 484, 487, 19 S.E.2d 662, 663 (1942) (holding void *ab initio* ordinance proscribing punishment in excess of that authorized in charter).