## Norfolk

CATHERINE F. PARKER, WILLIAM A. CURTIS,

AND TRACY A. WARD

v.

CITY OF NEWPORT NEWS
Nos. 1099-91-1
1105-91-1
1106-91-1

Decided November 2, 1993

COUNSEL

Ronald L. Smith, for appellant.

(Charles Powell, Assistant Commonwealth Attorney, on brief), for appellee.

OPINION

**MOON, C.J.**—Catherine F. Parker, William A. Curtis, and Tracy A. Ward appeal from their convictions under Newport News City Ordinance § 26-72 for driving while under the influence. Aside from the fact that Parker's offense occurred in February, 1991, Curtis' in January, 1991, and Ward's in September, 1990, the relevant facts in each case are the same. Appellants argue that their convictions are invalid because the ordinance upon which they were charged and convicted is in direct conflict with Code § 15.1-132. We agree and reverse appellants' convictions.

Newport News City Ordinance § 26-72, under which the appellants were charged and tried, provided for a maximum penalty of $1,000. The Code of Virginia at that time provided a maximum penalty of $2,500 for such an offense. While Code § 15.1-132 permits municipalities to impose penalties for driving while under the influence, it mandates that an ordinance may not impose a punishment less than the general laws.

In *Penton v. City of Norfolk,* 16 Va. App. 141, 428 S.E.2d 309 (1993), we addressed the conflict between Code § 15.1-132 and related statute, Code § 15.1-901, by explaining the nature of the confusion surrounding the two sections. Code § 18.2-266 proscribes driving while under the influence of alcohol. Code § 18.2-270 provides that a violation of that statute is a Class 1 misdemeanor. Prior to July 1, 1990, Code § 18.2-11 provided that the maximum punishment for a Class 1 misdemeanor was twelve months in jail and/or a $1,000 fine. Code § 15.1-132 gives cities the authority to punish violators of ordinances prohibiting driving under the influence, provided "no such ordinance shall provide for a lesser punishment [than the general law]." Prior to February 21, 1991, Code § 15.1-901 limited the penalties imposed by *any* municipal ordinance to a fine of $1,000.

In *Penton,* the City of Norfolk, pursuant to Code § 15.1-132, enacted an ordinance proscribing driving under the influence as a Class 1 misdemeanor. In keeping with the general state law indicated by Code § 15.1-901, it established a maximum fine for that offense of $1,000. 16 Va. App. at 142, 428, S.E.2d at 310. When the General Assembly in 1990 amended the Code to increase the punishment for a Class 1 misdemeanor to $2,500, the City of Norfolk amended its code to bring it into compliance with Code § 15.1-132 and established the fine for driving while under the influence at $2,500. *Id.* This resulted in a violation of Code § 15.1-901, because when the General

Assembly changed the penalties under Code § 18.2-11 allowing for fines of up to $2,500, it failed to amend Code § 15.1-901, which limited local ordinance penalties to $1000. Consequently, emergency legislation was passed on February 21, 1991 to render Code §§ 15.1-132 and 15.1-901 consistent.

The appellants in *Penton* claimed that their convictions of driving under the influence were invalid because the punishment proscribed in the Norfolk ordinance exceeded the punishment authorized by state law at the time. 16 Va. App. at 143, 428 S.E.2d at 310. This Court upheld the convictions, relying on basic principles of statutory construction. *Id.*

■ "Where two statutes appear to conflict, they should be construed, if reasonably possible, to give force and effect to each one." *Id.* at 144, 428 S.E.2d at 311 (citing *Board of Supervisors v. Marshall,* 215 Va. 756, 761, 214 S.E.2d 146, 150 (1975)). In the case at bar, the City correctly relies on this principle. The City's analysis, however, is not complete. The Court in *Penton* noted that, to the extent the statutes conflict, the specific statute prevails over the more general one. *Id.* In this instance, as the Court in *Penton* recognized, Code § 15.1-132 is the more specific statutory scheme. Code § 15.1-901 is not controlling because it addresses punishments imposed for violations of any local ordinance, while Code § 15.1-132 specifically refers to the offense of driving under the influence. The *Penton* court concluded that the more specific section gave localities the authority to punish those who violate the driving under the influence statute beyond the limits set by Code § 15.1-901. 16 Va. App. at 144, 428 S.E.2d at 312.

We observed, by way of dicta, that "[h]ad the City of Norfolk [not increased its] penalties provided in its code for DUI offenses, convictions rendered under the local ordinance would have been subject to attack as violative of Code § 15.1-132." *Id.* This case presents that issue. The City of Newport News failed to increase the penalty in its DUI related ordinance.

By failing to amend its driving while under the influence ordinance to reflect the 1990 increase in punishment for a Class 1 misdemeanor, the City of Newport News violated Code § 15.1-132 by imposing a lesser fine than that provided for by the general law. Accordingly, the ordinance is invalid and appellants' convictions are reversed.

*Reversed.*

Baker, J., and Bray, J., concurred.