## CIRCUIT COURT OF CHESTERFIELD COUNTY

William Pugh et al.

v.

Raquel Bowles et al.

June 14, 1994

Case No. CJ93C-113

By Judge John F. Daffron, Jr.

This matter is before the Court for a determination of whether petitioners, Mr. and Mrs. Pugh, have legal standing to petition for visitation with their grandson, Phillip Martin Bowles. The pertinent facts are as follows. Petitioners are the paternal grandparents of Phillip Martin Bowles ("Phillip"). Phillip is the natural child of Robert K. Pugh, petitioners' son, and Raquel Magnelli Bowles. Robert K. Pugh and Raquel Magnelli Bowles were divorced by Court Order dated September 9, 1987. Subsequently, Raquel Magnelli Bowles married James William Bowles on July 9, 1988. James William Bowles, with the consent of Phillip's natural father, Robert K. Pugh, adopted Phillip by Final Order dated July 27, 1992. Respondents argue that the Final Order of Adoption terminated the right of Phillip's birth relatives to seek and be granted visitation.

Section 63.1-233 of the Code of Virginia and *Cage v. Harrisonburg Department of Social Services*, 13 Va. App. 246 (1991), clearly articulate that a final order of adoption severs from the parent from whom the adoption was granted *all* (emphasis added) legal rights and privileges with respect to that adopted child. Any parental right of Robert K. Pugh was terminated by the Order of Adoption. Petitioners' legal rights as grandparents of Phillip were derived through their son, Robert. Hence the Final Order of Adoption that divested Robert of any parental rights and obligations also stripped his parents of their legal rights and obligations in respect to Phillip. This occurred by operation of law. The dispositive issue before this Court is whether the petitioners, as biological grandparents, but

legal strangers to Phillip, have standing to petition the Court for visitation with him.

There is an appearance of conflict between § 63.1-233 and § 16.1-241(A), Code of Virginia (1993 Cum. Supp.), which would allow the adjudication of visitation (and other matters) upon a petition filed at any time by any party with a legitimate interest therein. "A party with a legitimate interest shall be broadly construed and shall include, but not limited to, grandparents and other blood relatives and family members." Where two statutes appear to conflict, they should be construed if reasonably possible to give force and effect to each one. *Penton v. City of Norfolk*, 16 Va. App. 141 (1993). I hold that the petitioners, as biological grandparents of a child who is a legal stranger to them because of adoption, have standing to seek custody pursuant to § 16.1-241(A). Although the petitioners as biological grandparents have no legal rights as to Phillip, they do have standing to petition the Court as does any party with a legitimate interest in the custody, visitation, support, control or disposition of him. On a case-by-case basis, a Court may be called upon to adjudicate whether a petitioner has such a legitimate interest. The ultimate decision by the Court to grant or withhold visitation rights will be based upon what is in the best interest of the child.

This appeal is mature for an evidentiary hearing. I suggest the quickest way to have the evidence presented and the matter adjudicated is to take the evidence by deposition. If both counsel wish to proceed in this fashion, I can provide a hearing of up to thirty minutes within one week after the depositions are filed with the Court.