COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Willis and Bray
Argued at Norfolk, Virginia

TROY LAMONT KEY

v.           Record No. 2139-94-1                OPINION BY
                                         JUDGE RICHARD S. BRAY
COMMONWEALTH OF VIRGINIA                    DECEMBER 5, 1995

           FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                     Robert B. Cromwell, Jr., Judge

           William F. Burnside, Assistant Public Defender,
           for appellant.

           Steven A. Witmer, Assistant Attorney General
           (James S. Gilmore, III, Attorney General, on
           brief), for appellee.


     Troy Lamont Key (defendant) was convicted by the trial court
for unlawfully wounding a law enforcement officer in violation of
Code § 18.2-51.1.  Defendant complains on appeal that the evidence
was insufficient to establish that the victim, a Virginia Beach
policeman employed as a part-time security guard at the time of the
offense, was performing the duties of a law enforcement officer.
Finding no error, we affirm the conviction.

     Under familiar principles of appellate review, we view the
evidence in the light most favorable to the Commonwealth, granting
to it all reasonable inferences fairly deducible therefrom.
Traverso v. Commonwealth, 6 Va. App. 172, 176, 366 S.E.2d 719, 721
(1988).  The findings of the trial court will not be disturbed
unless "plainly wrong," Commonwealth v. Grimstead, 12 Va. App.
1066, 1067, 407 S.E.2d 47, 48 (1991), and the burden is upon the
appellant to show reversible error.  Reynolds v. Commonwealth, 9
Va. App. 430, 436, 388 S.E.2d 659, 663 (1990).

On the evening of January 23, 1994, Detective Douglas E. Zebley of the Virginia Beach Police Department was employed as a "part-time security" guard at the Friendship Inn in Virginia Beach. Zebley was dressed in full police uniform, displaying his badge of authority and equipped with "normal duty gear," including a holstered sidearm and baton. At approximately 1:30 a.m., Zebley responded to a report of a "person asleep on the fifth floor" of the hotel and discovered defendant sleeping on the floor adjacent to the elevator. Zebley woke defendant and noticed that his "eyes were glassy," and he "looked a little bit out of it." Using the wall for support, defendant "stood up," and Zebley asked if he had "a room at the hotel." Zebley also advised defendant that, without a room, he must leave the hotel or "be trespassing."

Defendant did not respond to Zebley's inquiries and proceeded "down a corridor" with no exits. Zebley placed his hand on defendant's shoulder and inquired, "Is your room down there?" Defendant then "turned," answered, "F___ this," and assumed "a fighting position" with "clinched . . . fists." As Zebley removed his baton from his "duty belt," defendant struck him in the mouth with his right fist. Zebley then repeatedly hit defendant about the legs with the baton, instructing him "to go to his knees," "stop fighting," and advising that he was "under arrest." However, despite Zebley's commands, defendant's violent aggression persisted for "eight to ten" minutes, during which defendant bit Zebley three times. Defendant continued to struggle until restrained by other police officers summoned to assist Zebley.

> Code § 18.2-51.1 provides in pertinent part that [i]f any person unlawfully, but not maliciously . . . causes bodily injury to another by any means, knowing or having reason to know such other person is a law-enforcement officer . . . engaged in the performance of his public duties as a law-enforcement officer, he shall be guilty of a Class 6 felony . . . .

Defendant does not challenge the sufficiency of the evidence to establish the requisite knowledge that Zebley was a law enforcement officer. Rather, he contends that Zebley was acting as a privately-employed security guard during the incident and, therefore, was not performing "public duties as a law-enforcement officer."

> Code § 15.1-133.1 provides, in pertinent part, that [a]ny county, city or town may adopt an ordinance which permits law-enforcement officers and deputy sheriffs in such locality to engage in off-duty employment which may occasionally require the use of their police powers in the performance of such employment. Such ordinance may . . . delegate the promulgation of . . . reasonable rules and regulations [governing such activity] to the chief of the respective police departments . . . .

Accordingly, § 27-2(c) of the Virginia Beach City Code expressly authorizes the chief of police to permit such "off-duty employment," and police departmental "General Order" 91.02 approves that activity. This policy comports with Code § 15.1-138, which requires that "[e]ach policeman shall endeavor to prevent the commission . . . of offenses against the law . . .; shall detect and arrest offenders against the same; shall preserve good order . . .; and shall secure the [populace] from violence and . . .

- 3 -

property . . . from injury."

It is uncontroverted that Zebley initially approached the defendant in furtherance of his duties as a security guard for the hotel. Defendant was asleep in a hallway, "glassy-eyed" and "out of it," did not respond to Zebley's inquiries and admonishments, and walked away from the officer. Such circumstances clearly provided articulable suspicion that defendant was committing a criminal trespass and justified further investigation by Zebley. Although Zebley encountered defendant while acting in a private capacity, he was fully empowered by his public office to pursue an investigation, detain defendant if necessary, and arrest if justified.[1] See DePriest v. Commonwealth, 4 Va. App. 577, 585, 359 S.E.2d 540, 544 (1987), cert. denied, 488 U.S. 985 (1988). The coincidence of Zebley's private and public duties during the encounter did not eclipse his authority and responsibility as a law enforcement officer.

Zebley was, therefore, "engaged in the performance of his public duties as a law-enforcement officer" when attacked and unlawfully wounded by defendant. Accordingly, we affirm the judgment of the trial court.

Affirmed.

---

[1]Defendant's argument on brief that he was unconstitutionally seized by Zebley was not presented to the trial court and will not be noticed on appeal. Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991) (citing Rule 5A:18).