COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Coleman and Bumgardner
Argued at Salem, Virginia


DOUGLAS TYRONE OULDS

MEMORANDUM OPINION[*] BY
v.    Record No. 2062-98-3      JUDGE RUDOLPH BUMGARDNER, III
                                     SEPTEMBER 28, 1999
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
Richard S. Miller, Judge

B. Leigh Drewry, Jr., for appellant.

Steven A. Witmer, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.


Douglas Tyrone Oulds appeals his conviction of assault and

battery on a police officer engaged in the performance of public

duties, Code § 18.2-57.  He argues that the trial court erred in

finding that the victim, who was a police officer and who worked

as a private security guard, was engaged in the performance of

public duties.  Specifically, he argues that the Commonwealth

did not prove that the City of Lynchburg had adopted a local

ordinance authorizing police officers to work off-duty.  Finding

no error, we affirm.

Investigator P.R. Adams of the Lynchburg Police Department

was working as a private security guard at the Lynchburg Plaza.

--------

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

He wore his full uniform including his handcuffs, sidearm, and all the implements normally used. He saw the defendant and recognized him but could not recall his name. Thirty minutes later, he saw the defendant again and this time realized the defendant had been barred from the Plaza. Adams approached the defendant, informed him he was barred, and arrested him for trespassing. When Adams attempted to handcuff the defendant, he jerked back, struggled, and then hit the officer. The defendant admitted he knew that Adams was a police officer but denied intending to hit the officer or putting his hand up to strike him. The store manager verified the officer's testimony.

The officer worked for the police department, and for the past twelve years, he also worked part-time as a private security guard at the Lynchburg Plaza. Adams testified that he applied for approval of off-duty employment pursuant to departmental procedures. The department approved his application and permitted him to wear his full uniform while working off-duty.

The defendant argued that there was no evidence that Adams was performing his public duties because the Commonwealth failed to prove the Lynchburg ordinance that permitted law enforcement officers to work off-duty. Finding that the defendant hit Adams "in the lip with his fist and also grabbed him from behind" and that the "officer was within the performance of his public duties when that took place," the trial court convicted.

-

Code § 15.1-133.1 (now § 15.2-1712) permits localities to adopt ordinances that authorize law-enforcement officers to engage in off-duty employment which may require use of their police powers.  In this case, the Commonwealth did not introduce, and the court did not specifically refer to the local ordinance that adopted Code § 15.1-133.1.  During argument, the Commonwealth cited it specifically, but the trial court did not formally admit it as an exhibit.  A copy of the ordinance, Lynchburg City Code § 31-5.1, was included in the record on appeal.

The trial court need not admit formally the ordinances of the jurisdiction where it sits because it is required to take judicial notice of those laws.  See Code § 19.2-265.2(A); Griswold v. Commonwealth, 19 Va. App. 477, 484, 453 S.E.2d 287, 290-91 (1995) (judicial notice of local ordinances).  See also Kent Sinclair, Virginia Civil Procedure § 14.7, at 582 (3d ed. 1998); Charles E. Friend, The Law of Evidence in Virginia § 19.6, at 268 (4th ed. 1993).  The Revisers' Note to Code § 8.01-386 states, "It is no longer necessary, for example, to prove ordinances of local cities or counties."  Code §§ 19.2-265.2 and 8.01-386 are verbatim.  The local ordinance was before the trial court, but it is no longer necessary that it be separately proved and formally admitted.

The defendant also suggests that the Commonwealth failed to introduce the police regulations that implemented the local

-

ordinance. However, the officer was competent to testify that he had complied with departmental regulations and had received approval from the department to work off-duty at the Plaza. His testimony sufficiently established that he was authorized to work pursuant to the city ordinance.

The defendant argues that the evidence did not show that the officer was performing public duties at the time of the offense as required by Code § 18.2-57. In Key v. Commonwealth, 21 Va. App. 311, 464 S.E.2d 171 (1995), an off-duty police officer working as a hotel security guard encountered the defendant. When the officer asked the defendant if he was trespassing, the defendant attempted to evade him, started fighting, and wounded the officer. The Court held that the officer was performing his public duties and stated: "The coincidence of [the officer's] private and public duties during the encounter did not eclipse his authority and responsibility as a law enforcement officer." Id. at 315, 464 S.E.2d at 173. The facts in this case are analogous to those in Key.

In addition, the officer, who was in full uniform though off-duty, was authorized to arrest when he saw a misdemeanor being committed in his presence. See Code § 15.1-138 (now § 15.2-1704). The officer had probable cause to believe that the defendant was trespassing, and that authorized him to arrest. In doing so, the officer was performing his public duties. His private employment did not relieve him of the

-

responsibility or authority to maintain the peace, protect property, and enforce the laws of the Commonwealth.

Accordingly, we affirm the conviction.

<u>Affirmed.</u>
