COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Frank and Kelsey
Argued at Chesapeake, Virginia


MICHELLE LYNN CUBITT

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 3462-01-1           JUDGE JAMES W. BENTON, JR.
                                         DECEMBER 17, 2002
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                   Thomas S. Shadrick, Judge

          Gregory K. Pugh (Davis & Pugh, P.C., on
          brief), for appellant.

          Leah A. Darron, Assistant Attorney General
          (Jerry W. Kilgore, Attorney General, on
          brief), for appellee.


     A judge convicted Michelle Lynn Cubitt for driving under the

influence of alcohol, in violation of Code § 18.2-266, and for

driving after having been adjudicated an habitual offender, in

violation of Code § 46.2-357.  Cubitt contends that the trial

judge erred in admitting into evidence three prior convictions

and in finding the evidence sufficient to support the conviction

for a fourth driving under the influence offense.  She also

contends Code §§ 18.2-270 and 46.2-357 are unconstitutionally

vague.  For the following reasons, we affirm the convictions.

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

At 1:30 a.m. on May 26, 2001 in the City of Virginia Beach, Officer William Patterson saw a moving vehicle with no headlights illuminated.  The officer initiated a traffic stop after he saw the vehicle weave and strike the median twice. When the officer asked Michelle Lynn Cubitt for her driver's license, Cubitt admitted that she did not have a license.  She told the officer that she was an habitual offender and that she had consumed ten beers shortly before driving.

The officer testified that Cubitt's speech was slurred, that she had a strong odor of alcohol, and that she swayed while standing and walking.  After conducting field sobriety tests, the officer arrested Cubitt for driving under the influence. While in jail, Cubitt's breath test indicated her alcohol concentration was .17 grams per 210 liters of breath.

At trial, Cubitt objected when the prosecutor offered as evidence documentation of three prior violations of Virginia Beach City Ordinance 21-336(a) and Department of Motor Vehicles records showing Cubitt was an habitual offender.  The trial judge overruled that objection, admitted the evidence, and judicially noticed the city ordinances referenced in the conviction orders.  At the conclusion of the evidence, the trial judge denied each of Cubitt's claims and convicted her of driving under the influence of alcohol.  The trial judge also

convicted her of driving after having been adjudicated an habitual offender.

## II.

Cubitt contends the trial judge erred when he admitted into evidence her prior convictions before the prosecutor proved the city ordinances in effect at the time of each conviction. Cubitt argues that the Commonwealth had to prove the ordinances are "substantially similar" to Code § 18.2-266 and that the trial judge could not judicially notice the ordinances without first entering the ordinances into the record.

In pertinent part, Code § 18.2-266 provides as follows:

> It shall be unlawful for any person to drive or operate any motor vehicle, engine or train . . . while such person has a blood alcohol concentration of . . . 0.08 grams or more per 210 liters of breath as indicated by a chemical test administered as provided in this article . . . .

Code § 18.2-270(C) provides enhanced punishment for any person convicted under Code § 18.2-266 of a fourth or subsequent offense committed within a ten-year period. In addition, Code § 18.2-270(E) provides as follows:

> For the purpose of this section, an adult conviction of any person, or finding of guilty in the case of a juvenile, under the following shall be considered a prior conviction . . . the provisions of §§ 18.2-51.4, 18.2-266, former § 18.1-54 (formerly § 18-75), the ordinance of any county, city or town in this Commonwealth or the laws of any other state or of the United States substantially similar to the

provisions of § 18.2-51.4, and §§ 18.2-266
through    18.2-269 . . . .

The trial court found, and Cubitt does not dispute, that she had been convicted three times under City Ordinance 21-336(a) for driving under the influence of alcohol. The three prior offenses occurred on March 1, 1992, November 6, 1993, and June 14, 1997. Thus, her earliest offense occurred less than ten years before her fourth offense.

Cubitt's contention that the prosecutor must enter the ordinance into the record before the trial judge may judicially notice it is refuted by Oulds v. Commonwealth, 260 Va. 210, 532 S.E.2d 33 (2000). There, as here, the defendant argued the Commonwealth failed to prove an element of the offense because it did not enter in the record a copy of the ordinance at issue. Answering the argument, the Supreme Court referred to Code § 19.2-265.2, which provides as follows:

> A. Whenever, in any criminal case it becomes necessary to ascertain what the law, statutory or otherwise, of this Commonwealth, of another state, of the United States, of another country, or of any political subdivision or agency of the same is, or was, at any time, the court shall take judicial notice thereof whether specially pleaded or not.
>
> B. The court, in taking such notice, shall consult any book, record, register, journal, or other official document or publication purporting to contain, state, or explain such law, and may consider any evidence or

- 4 -

other information or argument that is
offered on the subject.

The Supreme Court upheld this Court's ruling "that a trial court 'need not admit formally the ordinances of the jurisdiction where it sits because it is required to take judicial notice of those laws.'"  Oulds, 260 Va. at 213, 532 S.E.2d at 35.  The Court specifically held that Code § 19.2-265.2 "eliminates the necessity of introducing an authenticated copy of a city ordinance into evidence and that the ordinance be 'specially pleaded'" where proof of the term of such an ordinance is required to establish the elements of the offense.  Id.

At Cubitt's trial, the prosecutor tendered orders indicating Cubitt had been convicted under Virginia Beach Ordinance § 21-336.  The judge indicated on the record that he was taking judicial notice of the substantial similarities between the ordinance and Code § 18.2-266 when he said:  "I think that the court can take judicial notice of Virginia Beach ordinances that it deals with almost daily."  As in Oulds, we hold that the prosecutor was not required to introduce the ordinance into evidence before the trial judge could judicially notice the city ordinance at issue.

In her brief, Cubitt tacitly concedes that she may have been incorrect in her position at trial when she argued the trial judge could not take judicial notice of the city

- 5 -

ordinance. Nevertheless, she contends "the Commonwealth still failed to carry its burden of proof." Cubitt argues that although Code § 19.2-265.2(A) allows judges to take judicial notice of the city ordinance, Code § 19.2-265.2(B) requires the trial judge to enter in the record the ordinance noticed. Cubitt cites Rufty v. Commonwealth, 221 Va. 836, 275 S.E.2d 584 (1981), as additional support for that proposition.

The record indicates the trial judge said he would take under advisement Cubitt's argument. After a recess, the judge said on the record that he had reviewed the exhibits and could take judicial notice of the city's ordinance. The judge was aware, based on the argument and the conviction orders, that the only ordinance in question was Virginia Beach Ordinance 21-336. Indeed, he said on the record "that [he] deals with [that ordinance] almost daily."

Unlike in Rufty, where the "record . . . [did] not show that the trial court took judicial notice of North Carolina laws . . . [and the judge] failed to enter of record the provisions of the law it noticed," 221 Va. at 838 n.2, 275 S.E.2d at 585 n.2, the trial judge in this case said that he was judicially noticing the city ordinance and that the ordinance at issue was 21-336. Thus, unlike in Rufty, we are not left to engage in conjecture or speculation to determine what occurred. 221 Va. at 839, 275 S.E.2d at 586. Based on our review of the record, the record plainly establishes that the provisions of Code

- 6 -

§ 19.2-265.2(B) have been satisfied. Accordingly, we hold that the trial judge did not err in judicially noticing the city's ordinance, in admitting as evidence the three prior conviction orders, and in finding the evidence sufficient to prove beyond a reasonable doubt a fourth offense of driving under the influence.

III.

Cubitt further contends that her conviction for driving under the influence for a fourth or subsequent offense should be reversed because Code § 18.2-270 is unconstitutionally vague. She argues the language of Code § 18.2-270 fails to notify the public "what punishment coincides with violation of the prohibited act," and thus unconstitutionally vague. We disagree.

In particular, Cubitt challenges the following language:

> Any person convicted of three or more offenses of § 18.2-266 committed within a ten-year period shall upon conviction of the third offense be guilty of a Class 6 felony, and the sentence shall include a mandatory, minimum sentence of confinement for ten days that shall not be subject to suspension by the court. Any person convicted of a third offense committed within five years of an offense under § 18.2-266 shall upon conviction of the third offense be guilty of a Class 6 felony, and the sentence shall include a mandatory, minimum sentence of confinement for thirty days that shall not be subject to suspension by the court. The punishment of any person convicted of a fourth or subsequent offense committed within a ten-year period shall, upon conviction, include a mandatory, minimum

> term of imprisonment of one year, none of
> which may be suspended in whole or in part.
> Unless otherwise modified by the court, the
> defendant shall remain on probation and
> under the terms of
>
> any suspended sentence for the same period
> as his operator's license was suspended, not
> to exceed three years.

Code § 18.2-270(C).

Cubitt argues that when the words in the first sentence are given their plain and ordinary meaning, "three or more offenses" would include a fourth offense, which if committed within a ten-year period would require a mandatory minimum of ten days in jail. She notes that under the third sentence, however, a fourth offense within the ten-year period requires "a mandatory, minimum term of imprisonment of one year." Cubitt contends the statute is vague and unconstitutional because the "statute allows for two identical offenses to potentially be punished in . . . different manners."

"The void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." Kolender v. Lawson, 461 U.S. 352, 357 (1983). Although the doctrine focuses both on actual notice to citizens and arbitrary enforcement, the Supreme Court of the United States has held "that the more important aspect of the vagueness doctrine 'is not actual notice, but the requirement

- 8 -

that a legislature establish minimal guidelines to govern law enforcement.'" Id. at 357-58. The Court has recognized the "practical difficulties in drawing criminal statutes both general enough to take into account a variety of human conduct and sufficiently specific to provide fair warning that certain kinds of conduct are prohibited." Colten v. Kentucky, 407 U.S. 104, 110 (1972).

The language of Code § 18.2-270 does not violate these principles. It does not have the effect of holding persons criminally responsible for conduct they "'could not reasonably understand to be proscribed.'" Colten, 407 U.S. at 110. Three levels of mandatory enhanced punishment are prescribed by the statute. First, any person convicted of committing three or more offenses within a ten-year period must serve at least ten days of imprisonment. Second, any person convicted of committing a third offense within a five-year period must serve at least thirty days of imprisonment. Finally, any person convicted of committing a fourth or subsequent offenses within a ten-year period must serve a one-year mandatory, minimum term of imprisonment.

Where there is a conflict in statutes, we will presume the legislature intended that the more specific provision control. See Tharpe v. Commonwealth, 18 Va. App. 37, 43-44, 441 S.E.2d 228, 232 (1994); Penton v. City of Norfolk, 16 Va. App. 141, 144, 428 S.E.2d 309, 311 (1993). See also Gozlon-Peretz v.

- 9 -

*United States*, 498 U.S. 395, 407 (1991) (noting that a "specific provision controls over one of more general application"). We so read Code § 18.2-270 and hold that the first sentence of the statute referencing "three or more offenses committed within a ten year period" can mean only three offenses. The third sentence of the statute clearly and obviously refers to "a fourth or subsequent offense." So read, the statute is capable of valid application. *See* *Steffel v. Thompson*, 415 U.S. 452, 474 (1974); *Grayned v. City of Rickford*, 408 U.S. 104, 110 (1972). Thus, we hold that Code § 18.2-270 is not unconstitutionally vague.

IV.

Under the same vagueness challenge, Cubitt also attacks the constitutionality of Code § 46.2-357, which prohibits habitual offenders from driving. She argues that when the General Assembly repealed the statute that contained the definition of "habitual offender," Code § 46.2-357 became unconstitutionally vague because it fails to specify who qualifies as an habitual offender.

In pertinent part, Code § 46.2-357 provides that "[i]t shall be unlawful for any person determined or adjudicated an habitual offender to drive any motor vehicle or self-propelled machinery or equipment on the highways of the Commonwealth while the revocation of the person's driving privilege remains in effect." Prior to July 1, 1999, Code § 46.2-357 was part of a

- 10 -

larger statutory scheme under Article 9, Chapter 3 of Title 46.2, providing that a driver who was convicted of certain qualifying offenses would suffer a civil forfeiture of the privilege to operate a motor vehicle for an established period of time. Effective July 1, 1999, however, the General Assembly repealed Code §§ 46.2-351 through 46.2-355. One of the repealed sections contained the definition of "habitual offender."

The General Assembly did not repeal Code § 46.2-357. We have no basis upon which to conclude that the General Assembly's actions in repealing Code §§ 46.2-351 through 46.2-355 were intended to abolish the existing habitual offender status for persons who were so adjudicated. As the Supreme Court has noted, "the status of persons declared habitual offenders prior to [the date of the repeal] was not affected by the repeal." Varga v. Commonwealth, 260 Va. 547, 549 n.1, 536 S.E.2d 711, 712 n.1 (2000). Clearly, the General Assembly intended only to abolish future declarations of that status.

When Cubitt was previously convicted, she was declared an habitual offender. This fact was evident from the Department's records that declared her an habitual offender and revoked her driving privileges for ten years. See Morgan v. Commonwealth, 28 Va. App. 645, 507 S.E.2d 665 (1998) (affirming a conviction when the defendant had notice of the Department's order of revocation declaring him an habitual offender, failed to appeal that order, and operated a motor vehicle during the period of

- 11 -

revocation). "The crime of driving after having been declared an habitual offender is defined in terms of the order declaring the accused an habitual offender." Long v. Commonwealth, 23 Va. App. 537, 545, 478 S.E.2d 324, 327 (1996).

Cubitt's admission to the arresting officer that she was an habitual offender demonstrates her understanding that she was an habitual offender. Moreover, Cubitt had notice of the order that declared her an habitual offender and knew she was not allowed to drive. Yet, she drove her car contrary to the law. We find no merit in Cubitt's argument that Code § 46.2-357 is unconstitutionally vague because another statute was repealed and changed.

For these reasons, we affirm the convictions.

Affirmed.