COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:  Judges Alston, McCullough and Senior Judge Annunziata
Argued by teleconference


JOSHUA BRENT McCLARY

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0240-13-4                JUDGE STEPHEN R. McCULLOUGH
                                                          APRIL 29, 2014
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF STAFFORD COUNTY
Sarah L. Deneke, Judge

          John E. Robins, Jr., for appellant.

          David M. Uberman, Assistant Attorney General (Kenneth T.
          Cuccinelli, II, Attorney General, on brief), for appellee.


        Joshua Brent McClary appeals from an order revoking a portion of his suspended sentences.

He argues that his underlying conviction in Nottoway County for violating Code § 18.2-361 is void

and, therefore, the Stafford County Circuit Court could not rely on that conviction to revoke any

part of his suspended sentences.  In particular, he relies on MacDonald v. Moose, 710 F.3d 154 (4th

Cir. 2013), a decision from the United States Court of Appeals for the Fourth Circuit.  In

MacDonald, the Fourth Circuit held that Code § 18.2-361 was unconstitutional on its face.

                                          BACKGROUND

        Appellant was convicted of carnal knowledge and aggravated sexual battery in 1998, in

Stafford County.  The court suspended the entirety of his twenty-year sentence.  On July 16, 2012,

appellant was convicted in Nottoway County Circuit Court of non-forcible sodomy, in violation of

Code § 18.2-361.  The conduct that formed the basis for this conviction occurred in a public area of

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

a detention facility where appellant was being held for treatment as a sexually violent predator. Following a hearing, the Stafford County Circuit Court found appellant in violation of the terms of his probation. The court revoked all of appellant's suspended sentences, then re-suspended ten years, netting appellant an active sentence of three years and three months imprisonment.

ANALYSIS

I.

The issue before us – the facial constitutionality of a statute – involves a question of law, which we review *de novo*. Johnson v. Commonwealth, 56 Va. App. 244, 248, 692 S.E.2d 651, 653 (2010).

Our resolution of this case is controlled by the interpanel accord doctrine. Under this doctrine, "a decision of a panel of the Court of Appeals becomes a predicate for application of the doctrine of *stare decisis* until overruled by a decision of the Court of Appeals sitting *en banc* or by a decision of this Court." Johnson v. Commonwealth, 252 Va. 425, 430, 478 S.E.2d 539, 541 (1996).

This Court in Saunders v. Commonwealth, 62 Va. App. 793, 801, 753 S.E.2d 602, 606 (2014), turned back a challenge on the same ground raised here, *i.e.*, that the Fourth Circuit's decision in MacDonald compels this Court to declare Code § 18.2-361 unconstitutional on its face. We must follow the Saunders decision.

Appellant seeks to distinguish Saunders on the basis that the conviction at issue in that case was predicated upon conduct involving children, whereas his conviction does not involve such conduct. We find that factual distinction unavailing. The question before this Court in Saunders was the facial constitutionality of Code § 18.2-361. 62 Va. App. at 805, 753 S.E.2d at 608. If the statute is facially unconstitutional, then appellant's conviction was void. A void conviction cannot serve as the basis for a probation revocation. Id. If, however, Code § 18.2-361 is not facially

- 2 -

unconstitutional, appellant's conviction was not void and he cannot collaterally attack it in a probation revocation proceeding. By concluding that Code § 18.2-361 was not facially unconstitutional, the Court in Saunders foreclosed collateral attacks on convictions of the type at issue in this appeal.

II.

Under our system of government, the people are sovereign. See U.S. Const. Preamble ("We the people" establish the Constitution); Va. Const. art. I § 2 ("That all power is vested in, and consequently derived from, the people, that magistrates are their trustees and servants, and at all times amenable to them."). Judges, who serve this sovereign, are vested with the power of judicial review in individual cases to determine whether a legislative enactment conforms to the Constitution. See Marbury v. Madison, 5 U.S. 137 (1803). This counter-majoritarian power should be exercised with caution and circumspection.

Facial challenges to statutes are "disfavored." Wash. State Grange v. Wash. State Republican Party, 552 U.S. 442, 450 (2008). In contrast, "[a]s-applied challenges are the basic building blocks of constitutional adjudication." Gonzales v. Carhart, 550 U.S. 124, 168 (2007). This is so for several reasons. First, courts are institutionally tasked with adjudicating discrete cases, not with making comprehensive statements of policy. See Broadrick v. Oklahoma, 413 U.S. 601, 610-11 (1973) ("[U]nder our constitutional system[,] courts are not roving commissions assigned to pass judgment on the validity of the Nation's laws." (citation omitted)). With rare exceptions, such as in the First Amendment context, unless a statute infringes on a particular litigant's constitutional rights, courts will not entertain claims of unconstitutionality on hypothetical facts not at issue in the case under adjudication. "Embedded in the traditional rules governing constitutional adjudication is the principle that a person to whom a statute may constitutionally be applied will not be heard to challenge that statute on the ground that it may conceivably be

applied unconstitutionally to others, in other situations not before the Court." Id. at 610 (citations omitted).

Second, as the United States Supreme Court has observed:

> Facial challenges also run contrary to the fundamental principle of judicial restraint that courts should neither anticipate a question of constitutional law in advance of the necessity of deciding it nor formulate a rule of constitutional law broader than is required by the precise facts to which it is to be applied. Finally, facial challenges threaten to short circuit the democratic process by preventing laws embodying the will of the people from being implemented in a manner consistent with the Constitution. We must keep in mind that [a] ruling of unconstitutionality frustrates the intent of the elected representatives of the people.

Wash. State Grange, 552 U.S. at 450-51 (citations omitted) (internal quotations omitted).

Appellant's conduct, the record indicates, occurred in public. Consequently, the facts before us fall outside the scope of Lawrence v. Texas, 539 U.S. 558 (2003), which involved consenting adults in private. Indeed, the Court in Lawrence expressly noted that that case "d[id] not involve public conduct." Id. at 578. The Court in Lawrence simply did not address whether a statute like Code § 18.2-361 is facially unconstitutional. Instead, the Court concluded that the Due Process Clause of the Fourteenth Amendment demanded "respect for the[] private lives" of the appellants and foreclosed the state from "demean[ing] their existence or control[ling] their destiny by making their *private* sexual conduct a crime." Id. (emphasis added).

Applying ordinary principles that govern facial and as applied challenges leads to the conclusion that Code § 18.2-361 is not facially invalid. Appellant does not raise an as applied challenge and, therefore, his conviction for violating Code § 18.2-361 could properly be considered by the court below in revoking his suspended sentences.

- 4 -

## CONCLUSION

We affirm the decision below.

<u>Affirmed.</u>